Nov. Term,
1858.

JOHNSON
v.
THE CRAW-
FORDSVILLE
RAILRO'D CO.

JOHNSON and Another *v.* THE CRAWFORDSVILLE, FRANK-FORT, KOKOMO, AND FORT WAYNE RAILROAD COMPANY.

Where a paragraph of an answer contains, in addition to the general denial, allegations constituting separate grounds of defense, they may be stricken out on motion.

Duplicity, by our statute, is not a ground of demurrer; but it is a violation both of the rules of pleading at common law, and of the third subdivision of § 56, 2 R. S. p. 39.

Where the articles under which a railroad company organized, provided that subscribers of stock should have the privilege of taking jobs of grading the road, furnishing ties, &c., at the estimate of the engineer, and lettings of such work were publicly advertised to take place on a certain day, and the subscribers did not before or on that day, offer to take jobs, &c.; *held*, that they could not afterwards claim the right to do so.

Parol evidence is admissible to show the date of the filing of the articles of association of a railroad company organized under the general statute of 1852, in the office of the secretary of state.

The filing is no part of such articles. It is a fact separate from and independent of them. It is a fact separate from the indorsement of the fact of filing. The indorsement is not the filing; it can be no more than *prima facie* evidence of the time of the filing.

The filing of a paper, as between the party and the officer, is the delivery of it to the officer, at his office, to be by him kept as a paper on file; and such delivery may be proven by evidence other than the indorsement of the officer.

Illegality in the election of the directors of a railroad company, is no defense to an action upon a subscription of stock.

Where, by the terms of subscription, the stock of a railroad company was payable at such times and in such sums as the board of directors should, from time to time, require, but no assessment was to exceed 10 per cent. on the subscription, and assessments were not to be laid oftener than once in sixty days:—*Held*, that no personal demand of payment of installments was necessary before suit; and that it was no objection that the assessments upon different subscribers were not uniform in amount, so that they did not exceed 10 per cent.

A representation varying from the terms of a written contract, is no defense to a suit upon that contract.

A representation made to induce a subscription of stock to a corporation, to the effect that another corporation would do a certain act, involves the question of the power of that other corporation, under its charter, to do that act, and is, therefore, no defense to a suit on the subscription, if such corporation had not such power.

Wednesday,
December 8.

APPEAL from the *Boone* Circuit Court.

PERKINS, J.—This was an action by the *Crawfordsville, Frankfort, Kokomo, and Fort Wayne Railroad Company*

against *Elisha* and *Elijah Johnson*, upon a subscription of stock, made by them to the articles under which the company organized.

The company was organized under the general railroad law.

By the terms of subscription, the stock was payable to said company at such times, and in such sums, as the board of directors should, from time to time, require; no assessment, however, to exceed 10 per cent. on the subscription, and assessments not to be laid oftener than once in sixty days.

The third in number of the articles of organization reads as follows:

" The south-western terminus of said road shall be at *Crawfordsville, Montgomery* county, in the state of *Indiana;* thence said road is to run in a north-easterly direction, on a line, or as near as is practicable and expedient, by way of *Frankfort* and *Kokomo, Indiana,* to *Fort Wayne,* in *Allen* county, in the said state of *Indiana,* and through the counties, in said state, of *Montgomery, Clinton, Howard, Miami, Wabash, Huntington, Allen,* and, probably, *Boone* and *Grant.*"

The sixth article is as follows:

" In the application of the capital stock of said corporation to the construction of said road, no part of said capital shall be applied without the county in which the same is subscribed, without leaving enough of said capital to construct the bed of said road within the territory of said county. And all stock subscribed out of the counties through which the road runs, shall be applied in the discretion of the board of directors."

" Art. 7. All persons who have subscribed or may subscribe stock, shall have the privilege of taking a job of grading, or furnishing ties, &c., at the estimate of the engineer, and within the time prescribed. But in all cases where such work done shall amount to more than the subscription made, it shall be paid for in additional stock."

The articles provide that the name of the corporation

Nov. Term,
1858.

JOHNSON
v.
THE CRAW-
FORDSVILLE
RAILRO'D CO.

Nov. Term,
1858.

JOHNSON
v.
THE CRAW-
FORDSVILLE
RAILRO'D CO.

shall be *The Crawfordsville, Frankfort, Kokomo, and Fort Wayne Railroad Company.*

The defendants answered in nine paragraphs—

1. The general denial.    Issue.

2, 5, and 6.    That it was represented to them when they subscribed, that the company was able to construct the work proposed; that the *Evansville* and *Crawfordsville* company would furnish the iron, or lend its credit to aid in obtaining it.

3 and 4.    That it was represented to them that *Kokomo* would be made a point, &c.

7.    That they were denied an opportunity to work out their subscriptions.

8.    Directors not legally elected.

9.    That the assessments upon the stockholders were not equal, some being three, and others ten per cent.

Reply in denial to the seventh paragraph.

A demurrer was sustained to all the paragraphs but the first and seventh.    Trial upon these; verdict and judgment for the plaintiffs.

By a bill of exceptions it appears that the first paragraph of the answer, as originally pleaded, contained, in addition to the general denial, the following averments:

1.    That the defendants did not make the subscription sued on.

2.    That 50,000 dollars of stock was not subscribed to the plaintiffs before the election of directors; but that all the stock subscribed was intended for a different company, to-wit, &c.

3.    That payment of the installments sued for had never been demanded, &c.

4.    That directors of the company were never legally elected.

5.    That no assessments were ever made, or notice of them given.

6.    That the defendants never had an opportunity to work out their stock.

The Court, on motion, struck out all of the paragraph except the general denial.

The six allegations stricken out were all embraced by the general denial, or they were not.  If they were, no harm was done by striking them out.  If they were not, but constituted separate grounds of defense, then they were rightly stricken out, because the paragraph, while containing them, violated the third subdivision of § 56, 2 R. S. p. 39, which provides that, "The defendant may set forth in his answer as many grounds of defense, &c., as he shall have.  Each shall be distinctly stated in a separate paragraph, and numbered, and clearly refer to the cause of action intended to be answered."

Duplicity, by our statute, is not a ground of demurrer, and yet it is a violation both of the rules of pleading at common law and the provision quoted from our code of practice.   The defect is properly reached by motion.

Upon the trial, the Court instructed the jury that if lettings of the work were publicly advertised to take place on a certain day, and the defendants did not, before or on that day, offer to take jobs at the estimate of the engineer, pursuant to the articles of association and the terms of their subscription, they could not claim it as a right, afterwards.

A reference to the articles above copied will at once show the correctness of this instruction.

A copy of the articles of association, certified according to law, from the office of the secretary of state, were given in evidence; but the certificate did not state the date at which the original articles were filed; and the Court permitted parol proof of the date at which the articles were forwarded to the secretary of state.

Section 2, 1 R. S. p. 410, provides that articles of association, formed under the general railroad law, shall be filed in the office of the secretary of state; that the subscribers to them shall, thereupon, become a corporation, &c.; and that a copy of the articles thus filed, certified by the secretary of state, or his deputy, shall "be presumptive evidence of the incorporation of the company, and of the facts stated therein."

It appears by this statutory provision that the certified copy of the articles was legal evidence.   The filing is no

Nov. Term,
1858.

JOHNSON
v.
THE CRAW-
FORDSVILLE
RAILRO'D CO.

part of the articles. It is a fact separate from and independent of them. It is a fact, also, separate from the indorsement of the fact of filing. The indorsement is not the filing; it may be *prima facie* evidence of the time of filing, but no more. The officer may not have noted the filing when it occurred. The filing of a paper, as between the party and the officer, is the delivery of it to the officer, at his office, to be by him kept as a paper on file. *Engleman* v. *The State*, 2 Ind. R. 91. Such delivery may be proved by evidence other than the indorsement of the officer. That given in this case tended to show—was a step towards proof of—such delivery.

Illegality in the election of directors cannot be pleaded as a defense to an action upon a subscription of stock. *Jeffersonville Association* v. *Fisher*, 7 Ind. R. 699. The fact that 50,000 dollars of stock—the amount required by law to authorize the corporation to act—had not been subscribed, might have been pleaded and proved, as showing a failure to fulfill a condition precedent; but that fact was not put in issue by the pleadings. *Brookville, &c., Co.* v. *Mc Carty*, 8 Ind. R. 392.

Under the terms of subscription in this case, no personal demand of payment of installments was necessary before suit. *Fisher* v. *The Evansville, &c., Co.*, 7 Ind. R. 407.— *The New Albany, &c., Co.* v. *Mc Cormick*, 10 *id.* 499.

It was no objection that the assessments were not of uniform amounts, so that no one exceeded 10 per cent. The articles left this matter to the discretion of the directors, and evidently contemplated local assessments—that is, upon the stockholders in counties where the company might be prosecuting the work.

The difficult question in the case arises upon the paragraphs of the answer setting up representations upon which the stock is alleged to have been subscribed, and which were false; though as to these, the part going to induce the belief that *Kokomo* was to be a point, may be shortly disposed of, for the reason that they went to vary the terms of the written agreement upon which the stock was subscribed—that agreement leaving it to the discre-

tion of the directors, up to the time of the actual location
of the road, whether *Kokomo* should be made a point or
not.  So that, had it been the intention, when the sub-
scription was made, to locate the road through *Kokomo*,
still, the subscribers must have seen, from the articles, that
it remained in the power and discretion of the directors to
change that intention when the location of the road should
be made.  They could not, therefore, as prudent men, have
relied on the representations made.  The representations
did not constitute a part of the contract of subscription,
for that was in writing, and it does not correspond with
the representations.  It is not made a condition of the
subscription, that the road should be located through
*Kokomo.*

As to the part of the representations touching the aid of
*The Evansville and Crawfordsville Railroad Company,* we
think it is a sufficient answer to say that they could not
have been relied on by a reasonably prudent man, for the
reason that they involved the question of the corporate
power of that company.  That company was organized to
construct a railroad on a different line from that which the
plaintiffs below, in this case, had selected, and it could not,
under its then charter, divert its funds from that object to
the construction of a line of railroad not embraced in its
charter.  *Fisher* v. *The Evansville, &c., Co., supra.—Smead*
v. *The Bellefontaine, &c., Co.,* at this term (1).  This fact,
the subscribers to the *Evansville, &c., Company* were bound
to know, or to have ascertained.  See Redf. on Railw.
100.

We do not mean to decide that, under any circum-
stances, the power of an agent, appointed merely to ob-
tain subscriptions of stock, would extend to the making of
such representations as those alleged in this case; nor that,
aside from the question of corporate power involved, those
made would be held material.

In examining the questions here decided, we have not
been aided by a brief from the counsel on either side, and
had we been certain that none had been filed, we should

# 286    CASES IN THE SUPREME COURT

Nov. Term, 1858.

have dismissed the appeal, or affirmed the judgment below without an opinion.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*L. Barbour, A. G. Porter, C. D. Murray, A. J. Boone,* and *H. Shannon,* for the appellants.

