*G. V. Howk* and *R. M. Weir*, for the appellee.

---

THE STATE, *ex rel.*, etc. *v.* BAILEY and Others.

Where the articles of association of a railroad company are defective, in not specifying with sufficient certainty the terminus of the road, but they are properly filed in the office of the secretary of State, such filing is notice to the State of such defect, and the State neglects, for eight years, to take advantage thereof, by *quo warranto*, or otherwise, the right thereafter to do so must be considered lost.

APPEAL from the *Randolph* Circuit Court.

*Per Curiam.*—This was an information in the nature of a *quo warranto* against *Bailey* and others, who were acting as, and claiming to be, a railroad corporation, organized under

the general law of the State authorizing such corporations.

The articles of association, by which the corporation, if it be such, was organized, were filed in the proper office, on the 25th of February, 1853; and the present information was filed for its dissolution on the 20th of September, 1861, more than eight and a half years after the pretended organization of the corporation.

The information contains but a single paragraph, and claims that the corporation is illegal, because its southern terminus is not sufficiently defined.

The articles of association specify the terminus of the road thus: " Said railroad shall commence at *Fort Wayne*, in the county of *Allen*, and shall be constructed to the eastern line of the county of *Wayne*, pointing in the general direction of *Cincinnati*, passing through the counties of, etc., its length being about one hundred miles, and shall be called *The Fort Wayne and Cincinnati Railroad Company.*"

A demurrer was overruled to the complaint, and final judgment was given for the defendants, the corporation.

A doubt was expressed in *Heaston* v. *The Fort Wayne and Cincinnati Railroad Company*, 16 Ind. 275, whether the southern terminus was not too vaguely expressed; and we now express a doubt whether, in view of the fact that the road, as appears, was designated to form a part of a line to *Cincinnati*, a point in another State; and the further fact, that our law allows consolidations by railroad corporations in this State with like corporations in adjoining States, the southern terminus is so vaguely expressed as to vitiate the corporation. If it had been that that terminus was to be the east line of *Wayne* county, at the point where it would meet a road in *Ohio*, extending from *Cincinnati*, with which it was to form a continuous line between *Fort Wayne* and *Cincinnati*, we think it would clearly have been sufficient. Inferentially, perhaps, it is thus stated now. See *Eakright*

v. *The Logansport, etc., Co.*, 13 Ind. 404. But we shall not decide this point, as there is another in the case which is decisive of it.

As we have seen, it was between eight and nine years after the corporation was organized before this information was filed. The State was notified at the time, of the manner of the organization, by the filing, on the part of the corporation, of her articles in the office of the secretary of State. We must presume that, soon after her organization, the corporation caused the line of her road to be located, and the terminus to be definitely fixed; that since that time, she has been acting, contracting debts, receiving and making conveyances of property, and complicating her affairs with the rights and business of the citizens of the State, and others; and it would not be just to now permit the State, after so long acquiescence, to amend the corporation on account of the objection raised. This point is settled by authority. The cases are cited in the 7th ed. of Ang. and Am. on Corp., sec. 743, and notes.

In *England*, charters for railways are granted altogether, after full surveys and definite plans, etc., by engineers, and with reference to them, questions of location and terminus can scarcely arise afterward. See chap. 15 of the 1st ed. of Redfield on Railways, and notes.

*Per Curiam.*—The judgment is affirmed, with costs.

*Jer. Smith* and *John Davis*, for the appellant.

*McDonald, Roache* and *Lewis*, for the appellee.