Holman v. Doran.

———◆———

## HOLMAN v. DORAN.

CHATTEL MORTGAGE.—*Recording.*—Where the property covered by a chattel mortgage is to be retained by the mortgagor, such mortgage, to be valid against third persons, must be recorded within ten days from the execution thereof.

SAME.—*When Deemed Recorded.*—Such mortgage is deemed to have been recorded from the time it was left at the proper recorder's office, for that purpose.

SAME.—*County Recorder.*—A county recorder is not required by law to make any record or memorandum of the time or fact that a chattel mortgage has been left at his office for record.

SAME.—*Evidence.*—*Parol Evidence of leaving Mortgage for Record.*—The time and fact of leaving a chattel mortgage at the office of the proper recorder, for record, may be proved by parol evidence.

From the Shelby Circuit Court.

*J. B. McFadden,* for appellant.

HOWK, J.—Appellant, as plaintiff, sued the appellee, as defendant, before a justice of Shelby county, to recover the possession of a brown mare of the alleged value of one hundred and twenty-five dollars. Appellant's complaint was in the proper form, and was duly verified by his affidavit. The constable made return to the writ issued for the delivery of the property, to the effect that the property could not be found. The cause was tried by the justice, which trial resulted in a finding and judgment

in favor of the appellant. From this judgment an appeal was taken to the court below, in which court the cause was tried by a jury, and a verdict was returned for the appellee. On written causes filed, appellant moved the court below for a new trial, which motion was overruled, and to this decision appellant excepted. And judgment was then rendered upon the verdict, from which this appeal is now here prosecuted.

In this court, the only alleged error assigned by the appellant is, that the court below erred in overruling his motion for a new trial. Several causes for such new trial were assigned by the appellant, in his motion for that purpose, but only one of these causes is urged upon our consideration, in his argument in this court.

A brief summary of the facts of this case will be necessary to a proper understanding of the question presented for our decision. It appears from the record, that, about the 1st day of April, 1872, one Daniel B. Holman, appellant's brother, resided in Clay township, in Bartholomew county, Indiana, and was then the owner of the brown mare in controversy in this suit; that said Daniel B. Holman had purchased said brown mare from a third party, for one hundred and ten dollars, for which sum he had given his note, with the appellant as his surety thereon; and that, to indemnify the appellant as such surety, and to secure him in the payment of certain indebtedness, the said Daniel B. Holman, on said 1st day of April, 1872, then residing as aforesaid, executed a chattel mortgage to the appellant on the said brown mare and certain other personal property. On the trial in the court below, the question in the case decisive of the appellant's right to recover was, whether or not his said chattel mortgage had been recorded in the recorder's office of said Bartholomew county, " within ten days after the execution thereof."

It appears from a bill of exceptions, properly in the record, that, on the trial in the court below, for the pur-

pose of showing that said chattel mortgage had been duly recorded in the recorder's office of said county, the appellant offered to prove, by the oral testimony of a competent witness, that said mortgage "was left at the office of the recorder of Bartholomew county, Indiana, for record, on the same day it was executed." This evidence was objected to by the appellee, and the objection was sustained by the court below, and to this decision the appellant, at the time, excepted. If this decision was right, the judgment of the court below, in this cause, must be affirmed. But if the court below erred in the exclusion of the offered evidence, then, for that error, the judgment must be reversed.

It will be seen, therefore, from the foregoing statement, that the real and only question, in this cause, for our determination, is this : whether or not oral testimony, that the appellant had left his chattel mortgage at the office of the recorder of the proper county, for record, within ten days after the execution thereof, was competent evidence for the purpose of showing that his said mortgage had been recorded in said recorder's office, within said term of ten days after the execution thereof?

It appears from the record of this cause, that said Daniel B. Holman, after the execution of said chattel mortgage, retained and did not deliver the said brown mare to the appellant. Under the requirements of the 10th section of the statute of this State, "for the prevention of frauds and perjuries," etc., approved June 9th, 1852, it was necessary, therefore, to the validity of said mortgage, as against the appellee and other third parties, that the mortgage should have been recorded in the recorder's office of Bartholomew county, within ten days after the execution thereof. 1 R. S. 1876, p. 505. By the 11th section of the same statute, it was and is provided, as follows :

"Sec. 11. Every such mortgage shall be considered as

recorded, from the time it shall be left at the proper recorder's office for that purpose."

By a fair construction of this section, it seems to us, that, for the purpose of showing that his said mortgage on the brown mare in controversy had been recorded in the recorder's office of Bartholomew county, within ten days after the execution thereof, the appellant might prove the fact, if it were the fact, that he left said mortgage at the office of said recorder for record, on the same day it was executed. This was the fact which the appellant offered to prove by oral testimony, on the trial of this cause. The record fails to disclose the nature of the appellee's objections to the offered evidence, or the grounds upon which such evidence was excluded by the court below. And, as the appellee has failed to file any brief of this cause in this court, we can only conjecture the objections urged by him, in the court below, to the admission of the offered evidence. In our opinion, the court below must have excluded the evidence, offered by the appellant, upon the ground that the fact to be proved thereby was a fact, which could only be proved by the certificate of the recorder of Bartholomew county, under his hand and official seal. But whatever may have been the ground of the decision, it is clear to our minds, that the court below erred, in excluding the offered evidence The provision of law, that such a mortgage as the one under consideration shall be " considered as recorded," when it has been " left at the proper recorder's office for that purpose," makes the act of leaving the mortgage for record, at the proper recorder's office, fully the equivalent of the record of such mortgage. Now, the recorder is not required, by any law of this State, to make any record, or even memorandum, of the time when such a mortgage was left at his office for record; and, without such a requirement, it seems to us that we ought not to hold that the certificate of the recorder, under his hand and official seal, is the only admissible and competent evidence, either

of the fact that the mortgage had been left at his office for record, or of the time when it was thus left. Either of these facts, in our opinion, may well be shown by the oral testimony of any competent witness, cognizant of the facts.

Our conclusion in this case is strongly supported, we think, by the case of *Johnson* v. *The Crawfordsville, etc., R. R. Co.*, 11 Ind. 280. In the case cited, the appellee, for the purpose of showing its incorporation under the general railroad law of this State, had given in evidence a copy of its articles of association certified according to law, from the office of the Secretary of State; but the certificate failed to give the date of the filing of the articles of association in the office of the Secretary of State. The court below had admitted parol evidence to show the date of the filing; and, on appeal, this court held that the evidence had been properly admitted. And to the same effect, in the later case of *Miller* v. *The Wild Cat Gravel Road Co.*, 52 Ind. 51, it was held by this court, on page 61, that "it was competent to prove by parol the fact that the articles of association had been filed in the recorder's office."

In our opinion, the court below erred in this case, in overruling the appellant's motion for a new trial.

The judgment of the court below is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the appellant's motion for a new trial, and for further proceedings, in accordance with this opinion.