White v. The State.

---

WHITE v. THE STATE.

CRIMINAL LAW.—*Indictment.*—*Variance.*—The variance between the word " prodestant," as used in an indictment, and the word "protestant," appearing in the evidence, is immaterial.

CORPORATION.—*Election of Church Trustees.*—*Parol Evidence.*—In the absence of any statutory provision that the election of the trustees of a church can only be proved by written evidence, the fact of such election may be proved by parol evidence

SAME.—*Criminal Law.—Trespass.*—In a prosecution for a trespass, alleged in the indictment to have been committed upon property of a church corporation, parol evidence is admissible to show who were the acting trustees of the church, both at the time of the commission of the trespass and at the time of the trial of the cause.

SAME.—*Presumption of Corporate Existence.— When Corporate Existence can not be Attacked Collaterally.*—Where an association of persons, under the corporate name of the " Trustees of " etc, have for nearly twenty-five years assumed to act and have acted as a corporation, no person except the State can be heard to call in question the legal corporate existence of such trustees, or their rights, powers and franchises as such corporation. As between such trustees and persons other than the State, it will be presumed that the trustees are a corporation ; and their want of existance as such can not be shown collaterally, in a prosecution for a trespass committed on lands held in the corporate name, and be made an available defence.

SAME.—" *Person* "—Such a corporation falls within the statutory definition of the term " person," as given in section 170 of the criminal code, 2 R. S. 1876, p. 413, and, therefore, within the meaning of the same term as used in the amended section 14 of the misdemeanor act, 2 R. S. 1876, p. 463.

From the Greene Circuit Court.

*J. D. Alexander* and *H. W. Letsinger*, for appellant.

*T. W. Woollen*, Attorney General, and *S. O. Pickens*, Prosecuting Attorney, for the State.

HOWK, C. J.—The indictment against the appellant in this case charged, in substance, that at Greene county, Indiana, " on the 18th day of March, 1879," the appellant, William White, " did then and there unlawfully cut down, on certain lands, to wit, one square acre in the northwest corner of the northeast quarter, northwest quarter, of section 14, in township 6, range 3 west, belonging to the trustees of the Methodist Prodestant church, to wit: George Rush, Philip Byers, John Brown and Joel B. Sexson, in said county, one tree of the value of five dollars, being then and there the property of George Rush, Philip Byers, John Brown and Joel B. Sexson, held in trust for the use and benefit of the said church, he, the said William White, not then and there having a license from the said trustees

aforesaid, or from any other competent authority, to cut said tree, contrary to the form of the statute," etc.

On arraignment on this indictment, the appellant's plea thereto was, that he was not guilty as therein charged. The issues joined were tried by the court, and a finding was made that the appellant was guilty as charged, and assessing his fine in the sum of $25. The appellant's motion for a new trial, and his motion in arrest of judgment, were each overruled by the court, and his exceptions were saved to each of these decisions, and judgment was rendered on the verdict.

The appellant has assigned as errors the decisions of the circuit court in overruling his motion for a new trial, and his motion in arrest of judgment.

In this motion for a new trial the following causes therefor were assigned by the appellant:

1. The finding of the court was not sustained by sufficient evidence;

2. The finding of the court was contrary to law;

3. The admission of parol evidence, over the appellant's objections, to prove that trustees were elected for the " Methodist Prodestant Church," mentioned in the indictment, before a conveyance of the land therein described was executed to the trustees of said church; and,

4. The admission of parol evidence, over the appellant's objections, to prove that George Rush, Philip Byers, John Brown and Joel B. Sexson were the acting trustees of said " Methodist Prodestant Church " at the time the tree was charged to have been cut down, and at the time of the trial of this cause.

We take from the brief of the counsel of the State, in this case, the following classified statement of the grounds upon which the appellant's learned attorneys have asked this court, in their able and elaborate argument, to reverse the judgment of the circuit court:

*First.* That there was a material variance on the trial

in this: That in the indictment the word *Prodestant* is used, and in the proof the church is called the Methodist. *Protestant* Church;

*Second.* That the court erred in admitting parol evidence to prove the election of trustees of the church;

*Third.* That the court erred in admitting parol evidence that certain persons, at the time of the alleged trespass and the time of the trial, were the acting trustees of said church;

*Fourth.* That the land did not belong to the church, because it had not complied with the law respecting the organization of churches and other associations, for the purpose of taking conveyances; and,

*Fifth.* That the tree was not cut upon the land of a "person," as contemplated by the statute; or, in other words, that the church was not a "person," within the meaning of that term as used in the section of the statute upon which the prosecution is based.

We will consider and pass upon these several grounds for the reversal of the judgment below in this case, in their enumerated order.

1. We do not regard the variance between the word "Prodestant," as found in the indictment, and the word " Protestant," appearing in the evidence, as a material variance. The two words can be sounded alike, "without doing violence to the power of the letters. found in the variant orthography;" and, when this is the case, the variance is immaterial. *Ward* v. *The State*, 28 Ala. 53; *Black* v. *The State*, 57 Ind. 109. The appellant's counsel cite, in support of their position that the variance was material and fatal, the case of *Morgan* v. *The State*, 61 Ind. 447; but it seems to us that the case cited does not sustain their position. In that case the name mentioned in the indictment was not the name shown by the evidence. It was not, as in the case now before us, a case of variant orthography merely, but a case of two names, not *idem sonans,*

and which could not possibly be sounded alike without doing violence to, by entirely ignoring, the power of one of the letters found in the name used in the indictment. The case at bar is very similar to the case of *Cato* v. *Hutson*, 7 Mo. 142, wherein it was held by the Supreme Court of Missouri that the variance between the names *Hudson* and *Hutson* was immaterial. *Vance* v. *The State*, 65 Ind. 460.

2. The court did not err, in our opinion, in admitting parol evidence for the purpose of showing the election of trustees of the Methodist Protestant Church. The fact of such election, if such fact existed, was a fact entirely independent of any written evidence thereof, and might be proved by any one having cognizance of such fact. The trustees of the church would not, under the statute, become a corporation until a written certificate of their election had been prepared and recorded in the recorder's office of the proper county. The statute makes such a certificate evidence of the facts recited in it ; but we know of no statutory provision which makes such a certificate the only evidence of such facts. The fact of the election of the trustees was a fact which preceded the making of such a certificate, and would have existed, and might have been proved, even though such certificate had never been made. Where, by law, written instruments are required to be filed, or filed and recorded, in a public office of the State or county, it has been repeatedly decided by this court, that the fact of such filing, or of such filing and record, might be proved by parol evidence. *Johnson* v. *The Crawfordsville, etc., R. R. Co.*, 11 Ind. 280 ; *Miller* v. *The Wild Cat Gravel Road Co.*, 52 Ind. 51 ; and *Holman* v. *Doran*, 56 Ind. 358. In the absence of any statutory provision, to the effect that the election of the trustees of the church can only be proved by written evidence, the fact of such election may be proved by parol evidence. *Ross* v. *The*

City of Madison, 1 Ind. 281; Langsdale v. Bonton, 12 Ind. 467; The City of Logansport v. Crockett, 64 Ind. 319.

3. It is clear, also, as it seems to us, that parol evidence was admissible for the purpose of showing who were the acting trustees of the Methodist Protestant Church, both at the time of the commission of the alleged trespass, on which the indictment was predicated, and at the time of the trial of this cause. Indeed, we do not well see how these facts could have been fully shown by any other than parol evidence. For, although it might have been shown by the written certificate of their election, that certain persons therein named had been elected trustees of said church, yet the facts of their acceptance of the trust and of their acting as such trustees could not be proved in any other manner than by the testimony of a competent witness, who had knowledge of such facts.

4. It will be seen from the indictment, the substance of which we have given in this opinion, that the appellant was therein charged with the commission of the offence which is defined, and its punishment prescribed, in section 14 of the misdemeanor act of June 14th, 1852, as said section was amended by an act approved March 4th, 1861. Acts 1861, p. 145; 1 R. S. 1876, p. 463. As applicable to the case at bar, it was provided in said amended section, that " Every person who shall injure any tree or sapling on the land of any other person, * * * * * without a license so to do from competent authority, or who without such license shall cut down or remove from any such lands * * *.* any tree, * * * * shall be deemed guilty of a trespass, and upon conviction shall be fined," etc.

The evidence in the record shows, that on and before the 18th day of August, 1855, certain named persons were the trustees of the Methodist Protestant Church, and that on said last named day the land described in the indictment was duly conveyed by deed of that date to the " Trustees of the Methodist Protestant Church," by that

name; and that the said church went into the possession of said land in the fall of 1855, and built a meeting-house thereon in the spring of 1856, and had continued in the possession thereof ever since that time. The proof showed conclusively, indeed the fact was not controverted, that the appellant cut down the tree on said land, as charged in the indictment, without a license so to do from competent authority.

The appellant seeks to escape liability for the trespass committed by him, and to avoid the penalty imposed by the statute and the court for such offence, upon the ground that the Trustees of the Methodist Protestant Church had not complied with the requirements of the law for the incorporation of churches, and therefore were not a legal corporation. The appellant can not be heard to make such a defence under the facts of this case. For nearly twenty-five years the "Trustees of the Methodist Protestant Church," under that corporate name, have assumed to act and have acted as a corporation. After that long lapse of time, no person except the State can be heard to call in question the legal corporate existence of said trustees, or their rights, powers and franchises as such corporation. Thus, in Angell & Ames on Corporations, sec. 70, it is said: "It may, indeed, be safely relied on as a sound proposition, that, when an association of persons have for a long time acted as a private corporation, have been uniformly recognized as such, and rights have been acquired under them as a corporation, the law will countenance every presumption in favor of their legal corporate existence; at least, unless against the sovereign."

We are clearly of the opinion that whether the Trustees of the Methodist Protestant Church are or are not a corporation, is a question which does not concern the appellant and can afford him no possible defence under the facts of this case. They own and are in possession of the land described in the indictment, and owned and possessed

the same, under their corporate name, long before and at the time of the commission of the trespass for which the appellant is prosecuted, and that is sufficient for the purposes of this case.

5. It is claimed, also, by the appellant's counsel that the Trustees of the Methodist Protestant Church are not a "person" within the meaning of that word as the same is used in said amended section 14 of the misdemeanor act. In section 170 of the criminal code of this State, it is provided that, when the term "person" is used to designate the party whose property is the subject of an offence, "the term may be construed to include * * * any public or private corporations, as well as an individual." 2 R. S. 1876, p. 413. We have already seen that, as against every one except the State in its sovereign capacity, it must be presumed that the said Trustees of the Methodist Protestant Church, under that name, were and are a corporation; and, being such corporation, the said trustees fall within the statutory definition of the term "person," above given, and therefore within the meaning of the same term as used in said amended section 14 of the misdemeanor act.

We find no error in the record of this cause which concerns the appellant, or of which he can be heard to complain. When the State, in a direct proceeding by *quo warranto*, calls upon the trustees of said church to show by what authority they have assumed and do assume a corporate name and existence, it will be time enough for the courts to consider and decide the questions thereby presented. What we now decide is that, as between the said trustees and third persons other than the State, it may well be presumed, after the lapse of so many years of assumed corporate existence, that the said trustees were and are a corporation, and that, at all events, their want of corporate existence can not be shown collaterally in a prosecution like this, and be made an available defence to such prosecution.

It seems to us, that the indictment in this case was sufficient, and the appellant's conviction was right and ought not to be disturbed.

The judgment is affirmed, at appellant's costs.