North *et al.* v. The State, *ex rel.* Pate *et al.*

No. 11,653.

NORTH ET AL. *v.* THE STATE, EX REL. PATE ET AL.

CORPORATION.—*Private Person Can Not Maintain Suit to Question Legal Existence.—Quo Warranto by Prosecuting Attorney.—Turnpike.—Case Distinguished.* —Where persons in good faith act under a corporate name, and exercise the rights and franchises of a corporation authorized by law, *e. g.,* a turnpike company, they become a corporation *de facto,* and a private citizen, although claiming to be a stockholder therein, can not maintain a suit to inquire into its legal existence. Such a proceeding must be brought on behalf of the State by the proper prosecuting attorney. *Albert* v. *State, ex rel.,* 65 Ind. 413, distinguished and modified.

From the Dearborn Circuit Court.

*A. C. Downey, R. L. Davis* and *G. E. Downey,* for appellants.

*J. B. Coles,* for appellees.

HOWK, C. J.—The first errors complained of here by appellants, the defendants below, are the overruling of their demurrers to each of the two paragraphs of the relators' information or complaint.

In the first paragraph of their information, the relators John M. Pate and Lester Lostutter informed the court below that each of them was a citizen of this State, and that each of them, in attending to his occupation and business, was obliged to travel the road hereinafter mentioned, and that each of them was a stockholder in the pretended corporation, hereinafter mentioned, by virtue of having paid benefits assessed to lands within one and one-half miles of such turnpike road; that the appellants James North, Sr., Hugh S. Espey, Sr., John F. Whitlock, Jr., Platt Thompson, Hiram J. Calvert and John Q. Davis, without having been in any manner legally incorporated, had, under the name of "The Rising Sun and North Landing Turnpike Company," theretofore acted, and were then acting, in Ohio county in this State, as a corporation; that appellants, claiming to be a corporation, had elected a president and other officers, had made

contracts and brought suits at law in their pretended corporate capacity, had erected and maintained a toll-gate and then maintained it across the highway, leading from the city of Rising Sun to the store of Nathan North, in Ohio county, and demanded and collected tolls and charges from citizens of the State, including the relators, and had done other acts in their pretended corporate capacity.

The relators further said, that appellants claimed to act as a corporation for the purpose of constructing and owning a turnpike or gravel road, in Ohio county, and to be organized under the act of May 12th, 1852, authorizing the construction of plank, macadamized and gravel roads, and the acts amendatory of and supplemental to such act; that appellants claimed to have united in articles of association, and to have filed a copy thereof in the recorder's office of Ohio county, on the — day of ——, 1870. A copy of such articles of association was then set out; and the relators alleged that such articles were null and void, and that appellees, acting and pretending to act thereunder, were not legally incorporated for a number of specified reasons. The view we shall take of this case renders it unnecessary for us to set out these reasons, or any other averment of the first paragraph of the information, in this opinion.

In the second paragraph of the information, the relators alleged that they, and each of them, were stockholders in the pretended corporation, but did not aver how or in what manner they, or either of them, became such stockholders. They further alleged, that the appellants and many other persons claimed to have been legally incorporated under the name of "The Rising Sun and North Landing Turnpike Company," in the year 1870, under the act of May 12th, 1852, authorizing the construction of plank, macadamized and gravel roads, and acts amendatory thereof and supplemental thereto, for the purpose of constructing a turnpike road from Rising Sun to North Landing, in Ohio county; and that the appellants, without having been legally incorporated, claimed to

be a corporation, elected officers therefor, and performed other corporate acts. This paragraph of the information contained many other allegations of fact, which need not be noticed in this opinion. Enough of each paragraph has been set forth to present fairly the grounds upon which it is claimed that appellants' demurrers thereto ought to have been sustained. As to each paragraph of the information, the cause of demurrer assigned was that it did not state facts sufficient to constitute a cause of action.

Did the circuit court err in overruling appellants' demurrers to the relators' information? We are of opinion that this question must be answered in the affirmative. It abundantly appears from the facts stated in each paragraph of the information, that the appellants and their associates were, and had been for many years prior to the commencement of this suit, a corporation *de facto*, if not *de jure*, acting under a corporate name, in the possession of corporate property, performing corporate acts, and possessing and exercising corporate rights and franchises. In such a case, it is earnestly insisted by appellants' learned counsel that the existence of the corporation, and the rights of the appellants to act as such, can only be called in question, tried and determined in a suit or proceeding instituted on behalf of the State by the proper prosecuting attorney. Counsel are right, we think, in this position.

In *Hasselman* v. *United States Mortgage Co.*, 97 Ind. 365, the court said: "Where the law authorizes a corporation, and there is an effort, in good faith, to organize a corporation under the law, and thereupon, as a result of such effort, corporate functions are assumed and exercised, the organization becomes a corporation *de facto*, and as a general rule the legal existence of such a corporation can not be inquired into collaterally, although some of the required legal formalities may not have been complied with. Ordinarily, such an inquiry can only be made in a direct proceeding, brought in the name of the State. * * * * No private person

having dealings with a *de facto* corporation can be permitted to say that it is not, also, a corporation *de jure.*" *Baker* v. *Neff,* 73 Ind. 68 ; *Hon* v. *State, ex rel.,* 89 Ind. 249 ; *Williamson* v. *Kokomo, etc., Ass'n,* 89 Ind. 389.

Whatever else may be said of the facts stated in either paragraph of the information, in the case under consideration, they fail to show any cause or right of action which appellee's relators might or could enforce against the appellants. It is not enough that the information should state such facts as would have required the appellants, in a suit or proceeding instituted on behalf of the State by the proper prosecuting attorney, to show by what warrant they claimed to exercise the rights, privileges and franchises of a turnpike corporation ; for these facts were wholly insufficient to give the relators any cause or right of action against appellants. Upon the facts stated in each paragraph of the information, we are of opinion that the legal existence of the turnpike company named therein could only be inquired into at the suit of the State, instituted by the proper prosecuting attorney ; and that neither the appellees, nor any other private person, can maintain such suit. *State, ex rel.,* v. *Bailey,* 19 Ind. 452 ; *White* v. *State,* 69 Ind. 273; *State, ex rel.,* v. *Gordon,* 87 Ind. 171.

In support of the sufficiency of the relators' information, and of their right to maintain this suit, their counsel cites and relies upon the case of *Albert* v. *State, ex rel.,* 65 Ind. 413. The case cited is readily distinguishable, as will be seen from an examination of the opinion therein, from the case in hand. It was in form an information, in the nature of a *quo warranto* proceeding ; but, in reality, it was a suit in equity by *cestuis que trust* against their trustee, to obtain the appointment of a receiver to take possession of the assets of a bank, which had abandoned business for many years, and to compel a distribution of such assets among the parties interested therein. Whatever may be said, in the case last cited, if anything, in seeming conflict with our present holding, must be regarded as modified in accordance with this opinion.

Our conclusion is that the circuit court erred in overruling appellants' demurrers to each paragraph of the relators' information. This conclusion renders it unnecessary for us to consider now the other errors complained of in argument by appellants' counsel.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the demurrers to each paragraph of the information, and for further proceedings in accordance with this opinion.

Filed Sept. 14, 1886.