Filed Oct. 30, 1886.

---

No. 12,415.

## PALMER v. THE LOGANSPORT AND ROCK CREEK GRAVEL ROAD COMPANY.

**INJUNCTION.**—*Turnpike Company.*—*Possession of Public Highway.*—*Consent of County Commissioners.*—*Pleading.*—*Presumption.*—It will be presumed, in a suit to enjoin a gravel road company from exercising corporate franchises over a public highway, of which, it is alleged, it has taken possession, that its possession is with the consent of the county commissioners, and legal, unless there is an averment to the contrary.

Palmer *v.* The Logansport and Rock Creek Gravel Road Company.

SAME.—*Exercise of Corporate Franchises.*—*Right of Land-Owner to Sue.*—*Complaint.*—*Remedy.*—A complaint by a land-owner through whose property a public highway passes, charging the defendant, a gravel road company, with unlawfully taking possession of such highway and exercising corporate franchises thereon, does not show a right of action in the plaintiff for relief by injunction or otherwise.

SUPREME COURT.— *Insufficient Complaint.* — *Subsequent Errors Harmless.*— *Affirmance of Judgment.*—Where the plaintiff appeals and his complaint is held insufficient, any subsequent error in the record will be deemed harmless and the judgment affirmed.

From the Cass Circuit Court.

*G. E. Ross,* for appellant.

*D. C. Justice,* for appellee.

HOWK, C. J.—In this case, the appellant Palmer sued the appellee in a complaint of two paragraphs, in each of which he sought to enjoin appellee, and all persons claiming under it, from entering upon and taking possession of a certain highway, and from erecting and maintaining thereon toll-houses and toll-gates, and from in any manner interfering with or obstructing the rights of appellant, and of those for whom he sued, to travel over such highway.   The cause was put at issue and tried by the court; and, at appellant's request, the court made a special finding of the facts of this case and thereon stated its conclusions of law, in appellee's favor.   Over appellant's exceptions to the court's conclusions of law, and over his motion for a new trial, the court rendered judgment in appellee's favor for its costs in this action expended.

In this court, appellant has assigned, as errors, the overruling (1) of his demurrer to the second paragraph of appellee's answer to the first paragraph of his complaint, and (2) of his demurrer to the second paragraph of answer to the second paragraph of his complaint, (3) the sustaining of appellee's demurrer to the first paragraph of his reply, (4) error of the court in its conclusions of law, and (5) the overruling of his motion for a new trial herein.

Appellee has also assigned, as cross errors, the overruling (1) of its demurrer to the first paragraph of appellant's complaint, and (2) of his demurrer to the second paragraph of such complaint.

In the natural order of things, of course, these cross errors first require our attention and consideration; for, if the appellant has not stated a cause of action against the appellee, in either paragraph of his complaint herein, it is wholly immaterial whether or not the trial court committed any errors and, if so, what errors, in its subsequent rulings in the progress of this cause. In the first paragraph of his complaint herein, appellant alleged, in substance, that, on October 5th, 1883, he was, and had been for more than twenty years, the owner in fee simple of the northeast quarter of section 24, in township 26 north, of range 2 east, and also the south half of the southwest quarter of section 1, in township 26 north, of range 2 east, all in Cass county, Indiana; that during all such time, he had occupied such real estate as and for his home; that through his said land, there was located a public highway which, after passing through his lands, ran in a northeasterly direction to the city of Logansport, and was the only way whereby he could reach such city; that such highway had always been known as the "Kokomo Road," was originally laid off by the proper authorities as a public highway, and, for more than twenty years, had been worked and used as a highway; that large sums of money had been expended by appellant and other persons, living along the line of such road and through whose land it passed, and by the public authorities, in grading and improving it and making it fit for public travel.

Appellant alleged that he brought this suit for himself and other parties, who owned the lands through which such road passed, whose names were too numerous to be stated in the complaint herein, and he averred that such highway had been a public thoroughfare, at all times open to the public without objection or hindrance from any person or persons,

to travel the same without charge; that appellee, the Logansport and Rock Creek Gravel Road Company, without any authority of law, had entered upon and taken possession of such highway, and intended to construct, on and along the same, toll-houses and gates to prevent appellant and the other persons, for whom this suit was brought, from travelling on and along such highway, except upon such terms and conditions as appellee might impose; that appellee intended thus and thereby to convert such highway into a private road and to compel appellant and the other persons, for whom this suit was brought, to pay for riding or driving on and along the same, thus and thereby obstructing the same; that appellant was the owner in fee of the soil upon which such highway was constructed through his lands, as were the other parties, for whom this suit was brought, the owners in fee of the soil upon which such road was constructed through their lands; that appellant and such other parties never parted with any interest in such soil, except an easement for a public highway free for them and the general public to travel, without let or hindrance, nor were any damages ever assessed, tendered or paid to them; that appellee had never obtained the consent of appellant, or of those for whom he sued, to take possession of such highway or to construct toll-houses and gates thereon, nor had his or their damages ever been assessed and tendered him or them by appellee; that all of appellee's acts were without any authority of law, and in violation of appellant's rights; that such highway was necessary for appellant and those persons for whom he sued, as by it alone they had access to the city of Logansport, their market town, and for the enjoyment of their property it was necessary that such highway should be kept open and free; and that, for this reason, they had an interest in such highway separate and distinct from that of the general public therein.   Wherefore, etc.

In the second paragraph of his complaint, after having stated substantially the same facts as he had averred in the

first paragraph, appellant further alleged that, on the 22d day of February, 1882, appellee filed a copy of its articles of association in the recorder's office of Cass county; that by section 3624, R. S. 1881, appellee was required to file such copy of its articles of association, in such recorder's office, setting forth therein the line of the route which it intended to occupy, etc.; that appellee's articles of association described the route, beginning point and terminus of such road, as proposed to be occupied by it, as follows: " Commencing at a point in Godfrey's Reserve, in range one east, on Clay street, opposite the south end of Humphrey street, in Taberville, in Cass county, where such street intersects Clay street; thence following the line known as the extension of Humphrey street to its intersection with the Kokomo road; thence southeast to the south line of the Godfrey Reserve in section one; thence due south, on the half section line of sections 12 and 13, in township 26, range 1 east, to the southwest corner of the southeast quarter of such section 13; thence due east on the line dividing sections 13 and 24, and 18 and 19, in said township, to the southeast corner of the southeast quarter of section 18, in said township and range, which shall be the terminus of said road." And appellant averred that there was no such point of beginning as that set out in such articles of association ; that no such point could be found, as the one therein described ; that there was none such in existence ; that there was no point in Godfrey's Reserve, in section one, where Humphrey street intersected Clay street, in the town of Taberville, in Cass county; that appellee had never complied with the requirements of section 3624, R. S. 1881, that it should file a copy of its articles of association in the recorder's office of Cass county, showing its route; and that, therefore, appellee had derived and possessed, under its articles of association, no right to construct and operate a gravel road. Wherefore, etc.

To each of these paragraphs of complaint appellee's demurrer, for the alleged insufficiency of the facts therein to

constitute a cause of action, was overruled by the circuit court. To these rulings appellee at the time excepted, and it has assigned them here, as cross errors, and its learned counsel earnestly insists, in argument, that these cross errors are fundamental, and show that appellant was not harmed by any of the errors, conceding them to be such, of which he complains.

We are of opinion that appellant has not stated facts sufficient, in either paragraph of his complaint, to constitute a cause of action against the appellee, in favor of himself or of the numerous other persons for whom he has brought this suit. In the first paragraph of complaint, nothing is alleged, beyond the statement that appellee's action, in entering upon and taking possession of the " Kokomo Road," and in erecting toll-houses and gates thereon, was without any authority of law, or unlawful. This, it will be observed, is not the statement of any fact, but is merely the pleader's conclusion from facts which are not stated and are not apparent.

In section 3628, R. S. 1881, in force since May 6th, 1853, provision is made that the directors of a gravel road corporation, such as the appellee, may locate its road " over and upon any State or county road, or other public highway, with the consent of the board of county commissioners of the county, entered of record and granted upon such conditions as to such board may seem just and reasonable." Where, therefore, as here, it appears or is shown that a gravel road corporation has entered upon and taken possession of a public highway, it will be presumed, in the absence of any averment to the contrary, that such possession is with the consent of the proper county board, and is, therefore, authorized by law. If it were the fact, that appellee's entry upon and possession of the " Kokomo Road " were without the consent of the board of commissioners of Cass county, the fact should have been averred by appellant, and the conclusion would have followed, without any averment, that such entry and possession were unauthorized by law, or unlawful. The civil

code requires, and our decisions enforce the rule, that the facts must be pleaded, and not legal conclusions.

But, if the appellant had pleaded the facts in the case now before us, neither paragraph of his complaint would, we think, have shown any cause or right of action either in him or in those for whom he brought this suit. The substance of the charge against appellee, in each paragraph of complaint, is, that it had entered upon and taken possession of the "Kokomo Road," and was exercising thereon the rights, privileges and franchises of a gravel road corporation, without any authority of law. Admitting the truth of the facts alleged in either paragraph of the complaint, precisely as they are stated therein, it does not follow by any means, that these facts are sufficient to show any cause or right of action against appellee, in favor of appellant or of those for whom he sued, or to entitle him or them to the relief prayed for, or any other relief, as against the appellee. It is not enough, in such a case, that the complaint, or either paragraph thereof, should state such facts as would have required the appellee, in an information, in the name of the State, on the relation of the proper prosecuting attorney, to have shown by what warrant or authority it had entered upon and taken possession of the "Kokomo Road," and had exercised corporate franchises thereon. That is all that appellant has shown by the facts stated in either paragraph of his complaint herein, and they do not entitle him, or those for whom he has sued, to the relief demanded, or to any other relief against the appellee. This is settled by our decisions. *State, ex rel.,* v. *Bailey,* 19 Ind. 452; *White* v. *State,* 69 Ind. 273; *Hasselman* v. *United States Mortg. Co.,* 97 Ind. 365; *Williamson* v. *Kokomo, etc., Ass'n,* 89 Ind. 389; *North* v. *State, ex rel.,* 107 Ind. 356.

If it be conceded that the complaint shows, that the acts of the appellee in entering upon, taking possession of, and exercising corporate franchises over the "Kokomo Road," were unauthorized by law, still it must be held, we think,

that those acts do not give the appellant, or those for whom he has sued herein, any cause or right of action against appellee. *Wilson* v. *Galey,* 103 Ind. 257; *Sinker* v. *Floyd,* 104 Ind. 291; *Walker* v. *Heller,* 104 Ind. 327; *Frazer* v. *State, etc.,* 106 Ind. 471.

We are of opinion, therefore, that the court below erred in overruling appellee's demurrers to each paragraph of appellant's complaint herein.

This conclusion renders it unnecessary for us to consider any of the errors assigned by the appellant. Where, as in this case, the plaintiff is the appellant, and his complaint is held to be insufficient, any subsequent error appearing in the record must be regarded as harmless, and the judgment must be affirmed. *Fell* v. *Muller,* 78 Ind. 507; *Clawson* v. *Chicago, etc., R. W. Co.,* 95 Ind. 152; *Ice* v. *Ball,* 102 Ind. 42.

The judgment is affirmed, with costs.

Filed Oct. 28, 1886.