542 ST. LOUIS.

Fullerton v. Kelliher.

---

JAMES M. FULLERTON, Plaintiff in Error, *v.* ANDREW KELLIHER, Defendant in Error.

1. *Judgment — Amount recovered stated in numbers, effect of.— Semble,* that a judgment expressing the amount recovered simply in figures, in combination with the dollar-mark, thus "$121.00," is not, within the meaning of the statute (Gen. Stat. 1865, p. 583, § 15; Wagn. Stat. 420, § 15), absolutely void and of no avail in a collateral proceeding.

*Error to Cape Girardeau Court of Common Pleas.*

One Jordan sued Fullerton, plaintiff in this case, by attachment before a justice, wherein Kelliher, present defendant, being garnished, admitted an indebtedness of $121.00, less attorney's fees; and for this sum judgment was rendered against him.

See further the opinion of the court.

*L. Brown*, for plaintiff in error, cited Goodall v. Harrison, 2 Mo. 124; Lisle v. Rhea, 9 Mo. 173; Jones v. Hoppie, 9 Mo. 173; Gen. Stat. 1865, p. 538, § 15; *id.* 577, § 38; Young v. Stonebraker, 33 Mo. 117; Smarr v. McMasters, 34 Mo. 204.

*Dennis & Wilson*, for defendant in error.

Section 15, p. 839, Wagn. Stat., remedies all defects as to the entry of judgment.

Such a judgment cannot be attacked in a collateral proceeding. The garnishee could discharge himself at any time by paying over the amount to the constable. (Wagn. Stat. 669, § 35.)

Moore et al. v. Whitcomb.

CURRIER, Judge, delivered the opinion of the court.

As a defense to the plaintiff's suit the defendant shows by his answer that he paid the amount claimed, less his fees in a garnishment proceeding against the plaintiff, in which the present defendant was summoned as garnishee. Transcripts from the justice before whom the proceedings were had were given in evidence to prove the averments of the answer. These transcripts were objected to as evidence, upon the ground that they failed to prove, as the plaintiff insists, the rendition of a valid judgment either against the garnishee or against the principal defendant in the garnishment suit. The judgments as to their amounts were expressed in figures in combination with the dollar-mark, thus " $121.00." This is claimed not to be in compliance with the statute (Gen. Stat. 1865, 538, § 15) requiring judicial records to be written in the English language; and on that view the plaintiff bases his objections to the transcripts. The transcripts may be imperfect and objectionable in the particular named, but we are not disposed to hold that the defect was of a character to render the judgment absolutely void and of no avail in this collateral proceeding. Besides, it was not necessary for the garnishee to delay payment until a valid judgment should be rendered. He was at liberty, in discharge of himself, to pay over the money in his hands to the constable " at any time before final judgment against him." (Wagn. Stat. 669, § 35.)

The judgment of the court below was for the right party and will be affirmed. The other judges concur.