This court in the former proceeding taken by the petitioner for the appointment of commissioners of appraisal, affirmed the order of the Special and General Terms, denying the prayer of the petition on the ground that in September, 1877, when the proceeding was instituted, the Brooklyn, Winfield, and Newton Railroad Company, had ceased to be a corporation, and was extinct by its failure to construct its road within the time limited by chapter 775, of the Laws of 1867, or within the three years for which the time was extended by chapter 575 of the Laws of 1874.
In the former proceeding it was claimed on the part of the petitioner in answer to the objection that the corporation had not commenced the construction of its road within five years from the time of filing its articles of association, or within the extended time given by the act of 1874, that such neglect or omission created simply a cause of forfeiture; of its corporate franchises, and a ground of proceeding by the attorney general to have the corporation dissolved, and that its existence and powers continued until the forfeiture was judicially ascertained and declared, and that until that time it could exercise any of the franchises conferred upon it by the statutes under which it was incorporated, including the power given by chapter 622 of the Laws of 1871, to acquire the right to use the tracks of the Broadway Railroad Company in certain streets, in the city of Brooklyn, where the routes of the two corporations were coincident.
This court in affirming the order appealed from, recognized the general principle that a corporation by omitting to perform a duty imposed by its charter, or to comply with its provisions, does not ipso facto lose its corporate character, or cease to be a corporation, but simply exposes itself to the hazard of being deprived of its corporate character and franchises *Page 338 
by the judgment of the court in an action instituted for that purpose by the attorney general in behalf of the people. But while affirming this general proposition the court held that by force of section 47 of the general railroad act of April 2, 1850 (chap. 140), as amended by chapter 775 of the Laws of 1867, which declares that if any corporation formed under the act shall not within five years after its articles of association are filed and recorded in the office of the secretary of State, begin the construction of its road, and put it in operation in ten years from the time of filing its articles of association, "its corporate existence and powers shall cease," the corporate existence of the petitioner absolutely terminated, and the corporation became extinct by reason of its failure to commence the construction of its road, within the time limited by the statute of 1867, or the extended time given by the act of 1874, and upon the ground that the petitioner had no corporate existence when the proceeding then under review was taken, the order denying the relief asked was affirmed. The court regarded a corporation organized under the act of 1850, which had not complied with the act of 1867, as extinct by virtue of an express limitation upon the original grant of corporate power, and ALLEN, J., in delivering the opinion of the court, said: "It needed no action or judicial procedure to declare or complete a forfeiture of the charter, and loss of corporate power."
After the decision of the court in that case, the Legislature on May 2, 1878, passed an act (chap. 206), purporting to be an amendment of chap. 575 of the Laws of 1874, as follows: "§ 1. The time within which the Brooklyn, Winfield and Newtown Railway Company is required by law to finish its road, and put it in operation is hereby extended five years, from and after the passage of this act." The present proceeding was commenced in July, 1878, and differs from the former one in no material respect, except that the petitioner sets out in its petition the act of May, 1878, as an authority for the present application. *Page 339 
This act is claimed to be unconstitutional, on the ground that it violates sec. 18, art. 3, of the Constitution, which took effect January 1, 1875, which declares among other things, that "the Legislature shall not pass a private or local bill, * * * granting to any corporation, association, or individual, the right to lay down railroad tracks." I am unable to see any answer to this objection. When the statute in question was passed, the "Brooklyn, Winfield, and Newtown Railway Company," had ceased to be a corporation. Its powers were not simply suspended, or in abeyance, but the corporation itself was extinct. It had not by its failure to commence its road within the time limited, simply incurred a liability to forfeiture, but it had ceased to exist as fully and completely as if judgment of forfeiture had been pronounced against it. This is the necessary conclusion from our former decision. The act of 1878 was not a waiver by the Legislature of a forfeiture incurred by an existing corporation, but it was the creation of a new corporation, under the guise of reviving and rehabilitating a defunct corporate body. If this legislation can stand the test of the Constitution, then the hundreds of street railway and other charters long since supposed to be dead, may be legislated into life. I think it is impossible to distinguish the power attempted to be exercised by the Legislature by the act in question, from a mere legislative grant of a special charter to construct and operate a street railway, and this is plainly prohibited by the Constitution.
We have decided In the Matter of The N.Y. Elevated R.R. Co. (70 N.Y., 327), that it is competent for the Legislature since the constitutional amendment of 1874, to waive a cause of forfeiture existing against a corporation, and relieve it from the liability incurred by its omission to construct its road within the time prescribed in its charter. But in that case the corporation in respect to which the legislation in question was had, was not subject to the provisions of § 47, of the general railroad law. It was the case of an existing corporation subject to be proceeded against by the attorney-general, *Page 340 
but whose franchises and powers had not been extinguished or lost.
The order of the General Term should be affirmed.
All concur.
Order affirmed.