The Western Plank Road Co. *v.* The Central Union Telephone Co.

No. 13,322.

## THE WESTERN PLANK ROAD COMPANY *v.* THE CENTRAL UNION TELEPHONE COMPANY.

CORPORATION.—*Forfeiture of Franchise.—Judicial Declaration.*—The fact that a corporation has been guilty of a breach of duty constituting a cause for forfeiture of its franchise, can not be taken advantage of in a private action, nor by entering upon the corporate property, as forfeiture can only be judicially declared and in the manner prescribed by law.

HIGHWAY.— *Corporate Franchise.— Abandonment. —National Road.— Easement.*—A private corporation could acquire no more than an easement in the highway called the National Road, burdened with a duty to maintain a highway for the use of the public, and by its failure to perform the duties required by law it loses its rights in the highway, and will be deemed to have abandoned it to the public, without any judicial declaration to that effect, and the officers of the public may take possession and control of the road.

From the Vigo Superior Court.

*C. F. McNutt* and *S. B. Davis,* for appellant.

ELLIOTT, J.—The appellant acquired title to part of the National or Cumberland Road surveyed under the acts of Congress. After the acquisition of title it expended in the construction and repair of a toll road the sum of $24,534.04, and it kept the road in repair for many years, and collected tolls until the year 1871. On the 30th of July, 1867, the board of commissioners of Vigo county entered the following order: " Whereas the Western Plank Road Company on the National Road having failed to keep said road in good and proper repair as required by law, it is hereby ordered that the trustees of the various townships through which said road runs in Vigo county be and are hereby required to have the said road worked and kept in repair by the several supervisors thereof through whose districts said road runs." There was no judicial finding at that time, or any other time, that appellant had abandoned the road or suffered it to re-

main out of repair, but work was done on the road by super-
visors in the year 1867.   No report was made by the board
of directors as required by the acts of March 9th, 1875, and
March 13th, 1877.   In March, 1875, another order was made
by the board of commissioners of Vigo county, declaring
that the road had been abandoned by the appellant, and de-
claring that it should be deemed a public highway of the
county.   This order was made without notice and without
the knowledge or consent of appellant.   During the period
from 1873 to 1877 repairs were made by the appellant to the
value of twenty-five dollars per annum.   Directors were
elected in 1875 who served until 1881, when directors were
elected who served until 1885, at which time the directors
in office when this action was commenced were elected.   The
road has been used unobstructedly by the public since the
appellant ceased to collect toll in 1871.   The officers in
charge of the public highways have expended money for re-
pairs without appellant's knowledge or consent.   The appel-
lee has entered upon the road and erected a telephone line
without the consent of the appellant.

We have given a synopsis of the evidence as it appears in
the record, but we have not deemed it necessary to particu-
larly set forth the manner in which the appellant acquired
title, for we think it enough to say that the appellant did at
one time have a valid title, as the owner of an easement, to
that part of what was formerly the National or Cumberland
Road involved in this controversy.   The question, therefore,
is whether the title which the appellant once possessed has
been lost or divested.

We have not been favored with a brief from the appellee's
counsel, and we do not definitely know upon what ground
the trial court proceeded.   The best we can do is to examine
for ourselves the law upon the subject, and ascertain upon
what theory, if any, the judgment can be sustained.

The orders entered by the board of commissioners can not
be allotted the full force of judicial judgments, for the plain

reason that the appellant had no day in court. The franchises and property of a corporation can not be taken from it by a judgment in a proceeding of which it had no notice.

The failure of the officers of the corporation to make the reports required by law did not of itself so far destroy the corporate existence as to authorize a seizure of its property by another corporation. The act of 1877 provides for punishing the officers who fail to make the reports required, but it does not declare that a failure on their part shall operate to dissolve the corporation. Acts of 1877, Spec. Sess., p. 52. If, however, the act did make the breach of duty a cause of forfeiture, still, no person could take advantage of the cause in a private action, or by entering upon corporate property. Forfeiture can only be judicially declared and in the manner prescribed by law. *North* v. *State, ex rel.*, 107 Ind. 356, and cases cited; *Cincinnati, etc., R. R. Co.* v. *Clifford,* 113 Ind. 460.

It results from the principles we have stated that if the appellant has lost the title it once possessed, it must be because it abandoned the highway it had purchased. Our inquiry, therefore, is narrowed to the question whether the evidence shows an abandonment.

It is important to note at the outset that the question is not whether the public shall lose a highway, but whether it shall pass from the control of a private corporation, exacting tolls, into the hands of public officers, still remaining in every respect a highway open and free to the public. We are not, therefore, concerned with the question whether the public can lose a highway by a mere non-user or by a breach of duty by public authorities, for the only question which confronts us is, whether a corporation may lose what was laid out as a public highway by a failure to perform the duty enjoined upon it by law.

The title acquired by the appellant was not to the property as land, but to it as a highway. In other words, the rights acquired by the appellant were an easement and a

franchise. These rights were charged and burdened with a public duty : the duty to maintain a highway for the use of the public. The appellant did not acquire an absolute title, for the State, as the grantee of the National Government, did not sell or propose to sell an absolute right. The assumption in appellant's argument that the title acquired was in fee is consequently a groundless one. The truth is, that neither the Federal Government nor the State ever clothed any one with a right to destroy a highway surveyed and in part constructed as a great thoroughfare. The legislation, Federal and State, very clearly shows this.

We think that the evidence sustains the conclusion of the trial court that the highway was abandoned by the appellant and passed under the control of the public authorities. Under our statutes a private corporation which fails to perform its duty is deemed to abandon the highway to the public. If it does neglect its duty, and the officers of the public exercise control over the highway, it loses its rights without a judicial declaration to that effect. It can not by a mere assertion of right defeat the operation of the law, but the fact of an abandonment being established its rights are lost. In order to prevent the loss of its rights it must maintain possession and obey the law. In the case of the *State* v. *Huggins,* 47 Ind. 586, it was decided that "The Legislature has power to determine what circumstances shall vacate a public highway, and upon the occurrence of such circumstances it shall be deemed vacated without judicial determination." This is the essential principle involved in the case at bar.

The question is not whether corporate rights have been forfeited, but whether a highway has been abandoned, and the fact that it has been abandoned establishes, without judicial intervention, the rights of the public. When it is made to appear that a corporation has abandoned, by a neglect of duty, or otherwise, a highway granted it, the officers of the public have a right to take possession without any judgment of court. It is the fact that there was an abandon-

ment that destroys the rights of the private corporation and revives those of the public.

As we have concluded that there was an abandonment to the public we need not and do not enter into a consideration of the vexed question as to the right of a telegraph or telephone company to erect poles along the line of a public highway.

Judgment affirmed.

Filed Sept. 26, 1888; petition for a rehearing overruled Dec. 11, 1888.