SMITH M. FORD *et al.*, Respondents, v. THE KANSAS CITY & INDEPENDENCE SHORT LINE RAILROAD COMPANY *et al.*, Appellants.

Kansas City Court of Appeals, January 16, 1893.

1. **Corporations: RECEIVERS: ACTION: PLEADING.** A railroad corporation had collected only five per cent. of its capital stock, which it had expended. Judgments had been rendered against it, which, in default of assets, had been, on proper legal proceedings, paid by the plaintiffs as stockholders therein, and other debts and judgments existed; the officers and directors of the corporation had not met for eighteen months, and had made no provision for its debts; its franchises were abandoned and it had no assets. Some of its shareholders are non-residents and some are insolvent, and plaintiffs are about to have cast upon them the payment of the entire corporate indebtedness. *Held*, plaintiffs can maintain a bill for the appointment of a receiver, to assess the stockholders to pay debts, etc., and plaintiffs' petition, summarized in the opinion, states a good cause of action. (*Following Thompson v. Greeley*, 107 Mo. 577.)

2. ———: ———: POWERS OF COURTS. No interference with the management of a corporation can be justified, and courts have no jurisdiction to appoint receivers in the absence of statutory authority, except in cases of extreme necessity.

3. ———: UNCOLLECTED STOCK: CORPORATE DEBTS. Unpaid stock is a trust fund for all the debts of the corporation, and a court of equity will provide a remedy to compel delinquent shareholders to contribute their ratable proportion to the discharge of corporate debts.

4. ———: FORFEITURE OF CHARTER: RAILWAY EXPENDING MONEY: STATUTES CONSTRUED: TRUSTEES. Under section 2664, Revised Statutes, 1889, if a railway corporation does not begin the construction of its road within two years, and within one year thereafter expend thereon not less than ten per cent. of the capital stock, such failure *ipso facto* extinguishes its corporate powers and existence,

and it accomplishes not only a dissolution of the corporation, but divests the president and directors of their powers as such, and invests them with the specific powers enumerated in section 2513, Revised Statutes, 1889; and this is adhered to on rehearing, and the cases of *Bank v. Garton*, 34 Mo. 123, and *Bank v. Bredow*, 31 Mo. 538, are distinguished, and the banking law of 1855-6-7 is construed.

5, ———: DISSOLUTION: SERVICE OF PROCESS: TRUSTEES. Where a railway corporation is dissolved by the force of section 2664, Revised Statutes, 1889, service of process upon its president or managing officer can confer no jurisdiction over the person of the dead corporation, as such officers can neither appear nor defend for such corporation.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

REVERSED AND REMANDED.

*Flournoy & Flournoy*, for appellant.

(1)   A court of equity has no jurisdiction, in the absence of a statute expressly conferring such jurisdiction, to appoint a receiver for a corporation and to wind up its affairs. High on Receivers [2 Ed.] secs. 287, 288, 298, 299, 313, 343, 365, note 1; Beach on Receivers, secs. 403, 409, 415; *Pond v. Railroad*, 130 Mass. 194; *Trust Co. v. Railroad*, 101 N. Y. 478; *Baker v. Railroad*, 34 La. Ann. 754; s. c., 9 Am. Corp. Cases, 366; *Neal v. Hill*, 16 Cal. 145; *Case of People ex rel.*, 31 Mich. 456; *Jones v. Bank*, 10 Col. 464; *Brown v. Bank*, 5 Mo. App. 1, approved in *Co. v. Davidson*, 13 Mo. App. 561, 565, 567; *Hannah v. Bank*, 67 Mo. 678; *Trust Co. v. Storage Co.*, 23 Atl. Rep. (N. J. Ch.) 934. (2) The above principle is to be qualified by the proviso, that in case of extreme necessity a receiver of property can be appointed over a corporation in the exercise of original equity jurisdiction. *Thompson v. Greely*, 107 Mo. 577; Beach on Receivers, secs. 404, 405; High on Receivers, sec. 288. (3) No statute in

this state authorizes the appointment of a receiver over a railroad corporation. The sections of our statutes pertaining to the appointment of receivers over corporations are the following, all of which appear in the same form in the revision of 1879, except where noted: Secs. 2193, 2194, 2195, general authority to appoint receivers; secs. 2790, 2791, 2792, case of manufacturing and business corporations; sec. 2835, benevolent, religious, scientific, fraternity, beneficiary and educational associations; secs. 5938 to 5955, insurance companies; sec. 2525, Laws of 1883, p. 49, corporations in general; secs. 550, 551, 552, 553, 554, receiver under attachment law. (4) Such statutes are to be strictly construed. High on Receivers, sec. 289, p. 184; Beach on Receivers, sec. 408, p. 344. (5) We return then to equity jurisdiction in cases of extreme necessity. No case of extreme necessity demanding the extraordinary relief of a receiver over a corporation is shown in this proceeding. No such a case is stated in plaintiffs' bill of complaint. Gluck & Beeker on Receiver of Corporations, secs. 22, 25; High on Receivers, secs. 292, 293, 343; Beach on Receivers, sec. 404; *Baker v. Backus, Adm'r*, 32 Ill. 79; cases cited under point 2. (6) The remedy of a creditor of an insolvent corporation who seeks to reach its unpaid stock subscription in equity is known as a creditor's bill. Cook on Law of Stocks & Stockholders, sec. 204, p. 190; Thompson on Liability of Stockholders, sec. 9, *et seq.;* 2 Morawetz on Private Corporations, sec. 820; *Leucke v. Tredway*, 45 Mo. App. 507; *Thompson v. Bank*, 19 Nev. 103; s. c., 3 Am. St. Rep. 797; *Hatch v. Dana*, 101 U. S. 210; *Dunston v. Hop-tonic Co.*, 83 Mich. 372; *Bell's Appeal*, 115 Pa. St. 88; s. c., 2 Am. St. Rep. 532; *Ogilvie v. Ins. Co.*, 22 How. 380; *Bassit v. Nav. Co.*, 15 Fed. Rep. 353; *Allen v. Railroad*, 11 Ala. 437; *Jones v. Jarman*, 34 Ark. 323, 328; *Hightower v. Thornton*, 8 Ga. 486;

s. c., 52 Am. Dec. 412; *Mann v. Pentz*, 3 N. Y. 415; *Basset v. Hotel Co.*, 47 Vt. 313; *Patterson v. Lynde*, 112 Ill. 196, 204, 207. (8) The corporation itself is a necessary party defendant in any proceeding to appoint a receiver over it. High on Receivers, sec. 290; Beach on Receivers, sec. 413. (9) At the time this proceeding was begun, the defendant railroad was dissolved: *First*. Either by the limitation of its own charter, whereby it had ceased to exist. Revised Statutes, 1889, sec. 2664; Cook on Law of Stocks & Stockholders, sec. 628; Beach on Receivers, sec. 429; 2 Morawetz on Private Corporations [2 Ed.] secs. 1004, 1005, 1006; *Matter of Railroad*, 72 N. Y. 245; *Railroad v. Oakland*, 45 Cal. 365; s. c., 13 Am. Rep. 181. *Second*. Or by a virtual surrender of its charter and abandonment of the corporate enterprise. *More v. Whitcomb*, 48 Mo. [543; *Powell v. Railroad*, 42 Mo. 63, 67; *Savings Ass'n v. Kellogg*, 52 Mo. 583, 588; *Shickle v. Watts*, 94 Mo. 410; *Adams v. Mill Co.*, 35 Fed. Rep. 433; *Mill Co. v. Kamp*, 38 Mo. App. 229; *State ex rel. v. Brockman*, 39 Mo. App. 131; *Slee v. Bloom*, 19 John. 456; *Kehlor v. Lademann*, 11 Mo. App. 550.

*Scott Ashton* and *J. S. Brooks*, for respondents.

(1) The corporation is the proper party defendant on an application for the appointment of a receiver and the stockholders and directors were not necessary parties in this proceeding. Beach on Receivers [1 Ed.] sec. 413, p. 349; *Sanger v. Upton*, 91 U. S. 56; *Hawkins v. Glenn*, 131 U. S. 319; *Glenn v. Liggett*, 135 U. S. 533; *Gravenstine's Appeal*, 49 Pa. St. 310; *Mickles v. Bank*, 11 Paige, 118. (2) If the owners of a majority of the stock in a corporation neglect to elect officers, and it appears that there is no person authorized to conduct the affairs of the corporation, or

if the directors and officers abandon the corporation and its franchises and property, a receiver may be appointed on the application of a stockholder. Beach on Receivers, secs. 86, 87; *Lawrence v. Ins. Co.*, 1 Paige, 587; *Haywood v. Lumber Co.*, 64 Wis. 639; *Sheppard v. Oxenford*, 1 Kay & J. 491; *Evans v. Coventry*, 5 DeG., M. & G. 911. It is a general rule that insolvency is a sufficient reason for the appointment of a receiver of the property and franchises of a corporation. Also cases of extreme necessity, viz.: Such as where the corporate property is abandoned, or where there are no persons authorized to take charge of its affairs. Where the corporation abandons its franchises. Where corporation has ceased to do business, and is unable to resume on account of its insolvency. Beach on Receivers, secs. 86, 87, 88, 89, 404, 415, 416; *Thompson v. Greely*, 107 Mo. 577; *Greely v. Bank*, 103 Mo. 212; *Cox v. Volkert*, 86 Mo. 505; *St. Louis v. Gaslight Co.*, 11 Mo. App. 237; 87 Mo. 223; *Conro v. Gray*, 4 How Pr. 166; *Matter of Bank*, 10 How. Pr. 498; *Hightower v. Thornton*, 8 Ga. 486; *In re Bank*, 35 La. Ann. 196; *Lawrence v. Ins. Co.*, 1 Paige, 587; *Devoe v. Railroad*, 5 Paige, 521. (3) The court could appoint a receiver at any time after issue of summons upon notice being given. *Greely v. Bank*, 103 Mo. 222; Beach on Receivers [1 Ed.] secs. 107, 109, 110; *Maynard v. Railey*, 2 Nev. 313; *Clark v. Ridgely*, 1 Md. Ch. 70; *Bloodgood v. Clark*, 4 Paige, 574; *Gill v. Balis*, 72 Mo. 429; *Jones v. Doherty*, 10 Ga. 273; *Duckworth v. Wofford*, 18 Ves. 253; *Davis v. Brown*, 2 Del. Ch. 188; *Moses v. Micon*, 72 Ala. 439; *Blondheim v. Moore*, 11 Md. 365. (4) The defendant corporation is not so far dissolved that it may evade its liabilities to its creditors, or that it may not have a receiver appointed to take charge of its affairs. For the purpose of this proceeding the corporation is not dissolved, till by a

judicial decree it is declared so. *Savings Ass'n v. Kellogg*, 52 Mo. 590; 2 Beach on Private Corporations, sec. 786, p. 1226; *Hotel Co. v. Sauer*, 65 Mo. 279; *Buford v. N. P. L. Co.*, 3 Mo. App. 159; *Bank v. Pulitzer*, 11 Mo. App. 594; *Ins. Co. v. Floyd*, 74 Mo. 286; *Mining Co. v. City of St. Louis*, 11 Mo. App. 55; 84 Mo. 379. This application of respondents for a receiver is a suit, apart from its asking that the affairs of the corporation be wound up, and it required to pay judgments against it. The respondents asked for reimbursement for money paid in its behalf; so that they are interested parties to the proceeding. A receiver may be appointed for these purposes. 5 Wait's Actions & Defenses [Last Ed.] 359; vol. 1, pp. 9, 20; Beach on Receivers [1 Ed.] sec. 86; *Stark v. Burke*, 5 La. Ann. 740; *Haywood v. Lumber Co.*, 64 Wis. 639; *Lawrence v. Ins. Co.*, 1 Paige, 587; *Kennedy v. Railroad*, 2 Dillon, 448; *Conro v. Gray, supra.*

SMITH, P. J.—The petition of the plaintiffs alleged: "*First.* That the Kansas City & Independence Short Line Railroad Company is a corporation organized and existing under and by virtue of the laws of the state of Missouri; that the capital stock of said corporation is $100,000, divided into one thousand shares of the par value of $100 each.

"*Second.* That at the time of the organization of said corporation all of the capital stock was subscribed for by parties in the state of Missouri and elsewhere, and five per cent. of the capital stock of said corporation was paid into the treasury of said corporation by the stockholders, and that no other sum of money has ever been paid into the treasury by any stockholder thereof.

"*Third.* That S. M. Ford, one of the plaintiffs herein, subscribed for and is the owner of fifty shares

of the capital stock of said corporation, and that D. S. Orrison, the other plaintiff herein, subscribed for and is the owner of three shares of the capital stock of said corporation.

"*Fourth.* That there are about fifty stockholders in said corporation holding from one hundred shares to one share each, and that some of the stockholders in said corporation are non-residents of the state of Missouri, and that quite a number of the stockholders of said corporation are insolvent.

"*Fifth.* That the money heretofore mentioned and paid into the treasury by the stockholders has been expended, and other debts and liabilities contracted by said corporation amounting to about the sum of $2,000, which has been unpaid by said corporation; that said corporation has no property or assets, and is wholly insolvent; that Victor Bell recovered a judgment which is of record in the circuit court of Jackson county, for the sum of $166.08, and costs; that Kevil & Waples recovered a judgment against said corporation for the sum of $76.95, which is of record in said circuit court; that after the obtaining of said judgment the said judgment creditors in said respective judgments again filed a motion under the statute asking judgment against plaintiff, D. S. Orrison, and judgment in said two actions was rendered against plaintiff, D. S. Orrison, for said amounts above stated, which judgment so rendered was by D. S. Orrison paid.

"That C. S. Crysler, in the said circuit court of Jackson county, Missouri, recovered a judgment against said corporation, which, together with costs, amounted to the sum of $1,070; that after the obtaining of the said judgment said judgment creditor filed a motion in said action under the statute asking judgment against plaintiff, S. M. Ford, upon his unpaid stock, and a judgment upon said motion was rendered

against plaintiff, S. M. Ford, for the said sum of $1,070. Plaintiffs further represent and show that there are other judgments and claims remaining unpaid that have been rendered against and owing by said corporation.

"*Sixth.* That they, by reason of said judgments so rendered against them, and such other stockholders as may be compelled to pay said other judgments and outstanding claims, are entitled to contribution from the remaining stockholders of said corporation that are solvent; that no stockholder has paid into the treasury or expended any money for said corporation other than the five per cent. paid in as heretofore stated, and that all of the stockholders of said corporation are liable to plaintiffs for their proper and proportionate share towards paying said judgments.

"*Seventh.* That said corporation was organized in April, 1887, since which time and for the last eighteen months there has been no meeting of the board of directors and officers of said corporation, and that said officers and directors have failed to call in any proportion of the unpaid installments due from the stockholders upon the capital stock due by the stockholders to the corporation, and have failed and neglected to make any provision for the payment of the judgments rendered against said corporation and the debts owing by said corporation.

"*Eighth.* That a number of the stockholders of said corporation are non-residents of this state, a number are insolvent, and the only way in which a fair and equitable settlement of the debts of said corporation can be made by the solvent stockholders thereof is by the appointment of a receiver, with the power to collect from such solvent stockholders their proper and proportionate share necessary to pay the debts of said corporation and the proper costs of these proceedings."

The prayer was that "said corporation may be wound up and dissolved, and to that end that a receiver be appointed herein with full power and authority to take possession of the books, papers and property of said corporation, and that such receiver, under the order of this court, be given authority to collect the unpaid installments of the stockholders sufficient in amount to properly reimburse your orators and pay such other and remaining judgments and debts as are owing by said corporation, together with the costs of these proceedings."

The defendant corporation failed to appear and defend the suit. At the return term of the writ the court on the application of the plaintiffs made an order, appointing a receiver, enumerating his powers therein.

At the October term following, the other defendant Cusinbary was on his application made a party defendant, and, thereupon, filed a motion to vacate the order of the court theretofore made for the appointment of the receiver, etc. This motion was sustained as to that part of the order which conferred upon the receiver authority to sue for assets and collect the unpaid subscriptions of stockholders, and overruled as to that part appointing him. Subsequently the receiver filed an application for instructions, and also made a report showing the names of the solvent stockholders of the corporation, the indebtedness of the corporation, etc. Upon the hearing of the application, testimony was received by the court, the tendency of which was to show that, of the stock subscribed to the corporation, only about $1,600 or $1,700 had been paid; that this amount had been paid out for attorney's fees, surveying, etc.; that judgments had been rendered against plaintiffs as shareholders in favor of certain

corporation creditors, which had not been fully paid by them, etc.

The court thereupon ordered an assessment of twenty per cent. on the shares of stock to be made for the purpose of paying the indebtedness of the corporation, and that such shareholders as had, theretofore, made payments be credited therewith, and that the same be deducted from the amounts assessed against them, and that the receiver be authorized to sue for and collect such assessments, and to hold the same subject to the orders of the court. The allegations of the petition were not controverted by an answer of either of the defendants. After successive motions for a new trial, and in arrest had been severally overruled, the defendant Cusinbary took this appeal.

The grounds of appeal assigned by the appealing defendant are: *First.* Plaintiffs' bill of complaint did not state a cause of action, or any facts invoking equity jurisdiction. *Second.* The lower court had no jurisdiction of the person of the defendant, Kansas City & Independence Short Line Railroad Company, at the time the receiver in this cause was appointed. *Third.* There is a defect of necessary parties defendant to plaintiffs' bill of complaint. We will examine *seriatim* these several assignments.

As to the first of these, it may be premised that this proceeding is outside and independent of any statutory provision in this state relating to the appointment of receivers. As a general principle courts have no jurisdiction to appoint receivers in the absence of express statutory authority, except in cases of extreme necessity. Beach on Receivers, sec. 404; *Thompson v. Greely,* 107 Mo. 577. The supreme court of this state, in the case just cited, fully recognizes the power of the courts of equity to appoint receivers and to sequestrate the property of corporations for the protection of

stockholders and creditors in cases of extreme necessity. As to what are cases of extreme necessity in the absence of statutes, it is often quite difficult to determine. It is a general rule that insolvency or abandonment of the franchises of the corporation affords a sufficient reason for the appointment of a receiver of the corporate property and franchises. Mr. Beach, in his work on receivers, in the section above referred to, states that cases of extreme necessity are such as where the corporate property has been abandoned, or where there are no persons to take charge of its affairs. That author in the same connection remarks that there are other cases where courts of equity in the exercise of their original jurisdiction will appoint receivers of the property of corporations, as, for example, where a corporation had no officers to take care of its property and manage its offices, and was without an office or place of business, a receiver was appointed on the application of a stockholder to preserve its effects for the benefit of creditors and stockholders. In section 281 of Morawetz on Private Corporations, it is stated that a court of equity will grant all relief to a shareholder which the nature of the case may require. But it has always been a settled principle that no interference with the management of a corporation can be justified, unless such interference be absolutely necessary to the attainment of justice. As to the power of courts of equity to appoint a receiver of corporations in the absence of statutory authority, there seems to be a great diversity of opinion existing both among the courts and the elementary writers on equity jurisprudence, and were it not for the very able opinion of Judge MACFARLANE in 107 Mo. *supra*, affirming the existence of this jurisdiction, we should have been greatly inclined to doubt it. The ruling there made is conclusive upon us.

Now, in the light of the foregoing principles, does the petition show the plaintiffs entitled to the appointment of the receiver? It is, of course, essential that the petition show the plaintiffs have an interest in the subject-matter in respect to which they pray the appointment of a receiver. This condition they have fully met. They show that they are shareholders, and that they have not paid in full the stock by them subscribed; also that certain judgment creditors of the corporation have proceeded against them and obtained, under the statute, special executions against them as such shareholders. And that, unless the other solvent stockholders are compelled to pay their ratable proportion of such judgments, they may be coerced into the payment of the entire amount thereof. They are, therefore, not strangers, but are interested in having a sufficient per cent. of the unpaid stock collected to discharge the debts due by the corporation. This would be equitable and just. Now it is alleged in the petition, and not controverted, that the corporation is wholly insolvent in legal contemplation. It further appears that the officers and directors of the corporation had not met for eighteen months, and had failed to call in any proportion of the unpaid stock due by the shareholders, and had failed and neglected to make any provision for payment of the debts of the corporation; that said corporate franchises have been abandoned; that the corporation has no assets of any kind except its uncollected capital stock. These plaintiffs are about to have cast upon them the burden of discharging the entire corporate indebtedness, of which they ought only to pay a *pro rata* per cent.

The law will afford them no adequate remedy against this threatened wrong. This unpaid stock is a trust fund for all the debts of the corporation, and will not a court of equity, under these circumstances,

make it available for this purpose—will not it provide a remedy to compel the delinquent shareholders to contribute their ratable proportion of the amount required to discharge the corporate debts? The receiver, invested with the power specified in the order of his appointment is an effective agent to accomplish this fair and just result. He can coerce the unwilling shareholder into the observance of his just legal obligation to all the parties concerned. We, therefore, think the petition states facts showing a case of extreme necessity for the appointment of a receiver within the recognized rules already referred to.

This brings us to the question of jurisdiction of the person of the defendant raised by the defendants' assignment of errors. The defendant contends that the corporation, before the time of the service of the summons in this case, had virtually surrendered its charter, whereby its dissolution was accomplished, and that, therefore, the court acquired no jurisdiction of the person of the corporation by reason of the service of the writ upon a *quondam* officer. This question must be determined with reference to pertinent existing statutory provisions. By section 2664, it is provided that if any corporation formed under article 2, chapter 42, relating to "railroad companies," shall not, within two years after its articles of association are filed and recorded in the office of the secretary of state, begin the construction of its road, and shall not within one year thereafter expend thereon not less than ten per cent. of the amount of the capital stock, its corporate existence and powers shall cease. The petition upon its face shows that it did not at any time expend on the construction on its road ten per cent. or any other per cent. of the amount of its capital.

By further reference to section 2513, the statute defining the general powers, duties and liabilities of

corporations it will be seen that it is there provided, upon the dissolution of a corporation, the president, directors or managers shall be trustees with full power to settle the affairs, collect and pay debts, sue for and recover debts and property, and be sued as such trustees, etc. In the particulars specified the powers of the trustees seem to be the same as those of the president and directors before the dissolution, which would appear to negative the idea of the continued existence of those powers in the former corporate officers. Section 2519 further provides that, if any corporation formed under chapter 42 is dissolved leaving debts unpaid, suits may be brought against any persons who were stockholders at the time of the dissolution without joining the corporation in the suit. These are statutes *in pari materia*, and must be construed together. It seems that the omission by the corporation to comply with the requirements of section 2664 *ipso facto* operated as an extinction of its corporate powers and existence. The effect of this is to accomplish not only a dissolution of the corporation, but to divest the president and directors of their powers as such, and to invest them as trustees with the specific powers enumerated in section 2513. Upon the trustees, to the extent in that section provided, are devolved the same powers and duties as when managing officers of the corporation before it became defunct. It thus appears that the officers of the corporation became *functus officio*. They are converted by operation of law into trustees, and in such capacity alone represent the defunct corporation. As such trustees of the corporation they can sue and be sued.

It has been declared by the supreme court of this state, that under the provisions of section 19, General Statutes, 1865, page 329, which is identical with section 2513, *supra*, a corporation, which suffers acts to be

done which have the effect of destroying the end and object for which it was created, would thereby commit an act equivalent to a surrender of its franchise—a dissolution of the corporation. *Moore v. Whitcomb*, 48 Mo. 542. In *State Savings Ass'n v. Kellogg*, 52 Mo. 583, where the facts were very much as in this case, it was declared, "that the corporation for all essential purposes was as effectually dissolved as if a solemn judgment had been pronounced to that effect." And the cases of *Morrill v. Railroad*, 96 Mo. 174, and *McCoy v. Farmer*, 65 Mo. 244, recognize the same rule.

At first blush we were inclined to think that the provisions of section 2519, allowing suits to be brought after dissolution of the corporation against the stockholders "without joining the company in such suit," was a statutory recognition of the existence of the corporation after dissolution, but further reflection convinces us that such is not the case. If the corporation has ceased to exist, if its powers are extinct and its managing officers have become *functus officio*, if such managing officers have been converted into statutory trustees of the corporation, and in that capacity alone represent the corporation, it is quite difficult to understand how in this action against the corporation the service of summons on any one of them as president or managing officer of the corporation could confer jurisdiction over the person of the dead corporation. As such managing officers they could not appear and defend the action. Nothing they could do would bind the corporation. The status of the corporation in this case is analogous to that of a corporation whose dissolution was occasioned by the expiration of its charter. The trustees in a proper case could be sued, but certainly not the extinct corporation. The logical corollary to this is that there is a defect of necessary parties to the action.

It results that the decree of the circuit court must be reversed and annulled and the cause remanded. All concur.

### ON MOTION FOR REHEARING.

· SMITH, P. J.—The plaintiffs find fault with our construction of section 2664, Revised Statutes, which provides that if any railroad corporation formed under article 2, chapter 42, shall not begin the construction of its road and shall not within one year thereafter expend thereon not less than ten per cent. on the amount of its capital, *"its corporate existence and powers shall cease."*

It stands admitted that the defendant railway company had wholly failed ·to comply with the said statutory requirement. It is further admitted that the corporation has only collected of its stockholders something like one and three-quarters per cent. on its subscribed capital stock, just enough to pay the engineers and attorneys who were in its service about the time of its organization. In the opinion it is held that the effect of this omission to comply with the statute was *ipso facto* to forfeit absolutely the defendant's charter without judicial determination.

The general principle is not disputed that a corporation, by omitting to perform a duty imposed by its charter, does not *ipso facto* cease to be a corporation, but simply exposes itself to the hazard of being deprived of its corporate character and franchises by the judgment of the court in a proceeding against it by *quo warranto* on the part of the state. But the legislature possesses the undoubted power to provide that a corporation may lose its corporate existence without the intervention of the courts by an omission of duty or violation of its charter, or default as to imposed

limitations, and whether the legislature intended so to provide depends upon the language used in the statute. *The Matter of B. W. & N. Ry. Co.*, 72 N. Y. 245, was a case where a statute provided that every railroad corporation, organized under the general laws of the state of New York for the formation of railroad corporations, should begin the construction of its road and expend thereon ten per cent. on the amount of its capital stock within five years after its articles of incorporation should be filed and recorded in the office of the secretary of state, etc.; and for a failure to comply with this requirement *"its corporate existence and powers shall cease."* It will be observed that the above *italicized* words are identical with those of our statute already quoted. It was held that this statute was self-executive, and that the existence of the corporation was determined by the omission to comply with the condition prescribed by the statute; that the omission was fatal to its corporate existence, and that the statute was not susceptible of any other reading. And in *Farnham v. Benedict*, 107 N. Y. 159, where a like question arose on the same statute, it was again declared that the corporate existence became extinct by the expiration of the limitations in the statute. So it was held in *The Matter of B. W. & N. Ry. Co.*, 75 N. Y. 335, which was a second appeal in the case from the order of the general term of the supreme court, that the corporation had ceased to be a corporation. Its powers were not simply suspended or in abeyance, but the corporation itself was extinct. It had not, by its failure to commence its road within the time limited simply incurred a liability to forfeiture, but it had ceased to exist as fully and completely as if judgment for forfeiture had been pronounced against it. So in *Brooklyn Steam Transit Co. v. City of Brooklyn,* 78 N. Y. 524, where the transit company

was required to have one mile of its road constructed within three years after the passage of the act authorizing its organization, or else its powers and franchises should be "deemed forfeited and terminated." The transit company failed to comply with the requirement of the act. The court held that there was to be not merely a cause of forfeiture which could be enforced in an action instituted by the attorney general, but the powers, rights and franchises were to be taken as forfeited and terminated. At the end of the time limited, the corporation was to come to an end, as if that were the time limited in its charter for its corporate existence. In *The Matter of the Kings Co. Elevated Ry. Co.*, 105 N. Y. 97, it was said that: "It is certainly well settled that non-performance of the condition of an act of incorporation will forfeit the grant, even at common law, and like effect is given to such omission by statute under which petitioner came into existence," but I am not aware of any case holding that such default does of itself work a forfeiture, or that it can take effect upon some proceeding where the question is brought directly before the court *unless the statute otherwise provides.* It is further held that those cases where the legislature intended, by a self-executing statute, to provide that a corporation shall lose its existence without the intervention of the courts, are within the above specified exception. And a similar ruling was made in *Commonwealth v. Water Co.*, 110 Pa. St. 391.

We are aware that some courts have disfavored the views expressed in the cases which we have followed in our ruling in the present case. The question under consideration has not been, as far as we have been able to discover, heretofore presented point blank to any one of the appellate courts of this state. We think, however, that the language of

section 2664 indicates just exactly what the terms therein employed plainly imply, that is to say, that, when any one of the railroads of this state shall be guilty of non-compliance with its requirements, the existence and powers of such corporation shall cease. Language could not be plainer that the effect of such statutory disregard is not different than that where the corporate existence ceases on account of the expiration of its charter. But the plaintiff contends that *Bank v. Garton*, 34 Mo. 123, is an authority against what is held in the opinion. It was there ruled upon the authority of *Bank v. Bredow*, 31 Mo. 538, that a forfeiture cannot be enforced collaterally, but only by a direct proceeding by *scire facias*, or *quo warranto*. The case was that the bank had violated the provisions of section 5 of chapter 16, Revised Statutes, 1855, which declared that no corporation within the limits of this state should pass or receive any suspended or non-specie paying bank note or post note issued as currency. The decision was undoubtedly correct. There was no language employed in that statute indicating an intention by the legislature that the violation of the prohibitions of the section should *ipso facto* operate to extinguish the powers and existence of such bank.

But it will be seen further by reference to sections 8 and 9 of article 1 of the act of 1856–7 relating to "banks and banking" (Acts, 1856–7, 16, 17), that, while it was provided that in case any bank suspended specie payment at any time for a period of ten days, *"its charter shall cease and determine,"* it is also there further provided that proceedings by *scire facias* should in such case be commenced against the bank in the proper circuit court, and, if the charge was sustained by the court, that it should annul the bank's charter. There the statute itself provides a procedure in case

where a bank had violated the act of its charter, whereby its charter should cease and determine. By the very terms and provisions of this act the intention, such as we think is manifested by section 2664, is clearly negatived. The legislature there provided specially for the annulment of the charter by judicial decree. So that the statute upon which the rulings were made in 31 and 34 Mo. *supra*, are dissimilar in their entirety to that in question in this case, and for that reason neither of the cases lends the slightest support to plaintiffs' contention.

The plaintiffs' construction of the statute in question renders the words, "its corporate existence and powers shall cease," meaningless. Or, in other words, that the statute without these words would be just as effective as it is with them.

According to the plaintiffs' petition, the life of the defendant corporation was extinct by operation of law long before the institution of their suit, and we are unable to perceive from whence it derived the power to resuscitate it for the plaintiffs' present purpose. It results that we must adhere to the conclusion reached in the opinion.