# Bloch *et al. v.* O'Conner Mining & Manufacturing Co.

## *Statutory Action of Ejectment.*

1. *Corporation; forfeiture of charter.*—A corporation is not to be deemed dissolved or its charter forfeited by reason of any misuser or non-user of its franchise for the statutory period, (Code, § 1273), until the default and forfeiture has been judicially determined and adjudged in a proper proceeding for such purpose, (Code, § 3417).

2. *Same; same; sufficiency of plea.*—In an action by a corporation, a plea by the defendant which sets up that the plaintiff has forfeited its franchise or charter by reason of non-user of the same for a period of more than five years, without averring or showing that there had been a judicial dissolution or decree of forfeiture of plaintiff's charter, is insufficient, and on proper motion can be stricken from the file.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

This was a statutory action of ejectment brought by the appellee, the O'Conner Mining & Manufacturing Company, described in the complaint as a corporation, against A. Bloch and Pauline Bloch to recover certain lands specifically described. The only question presented for review is 'sujciently shown in the opinion. On the present appeal the defendants assign as error the judgment in the trial court sustaining the motion to strike from the file the defendants' pleas.

[Bloch *et al.* v. O'Conner Mining & Manufacturing Co.]

N. G. CANNING, for appellant, cited *Upham v. Hosking*, 62 Cal. 250; *United States v. Grundy*, 3 Cranch 151; *Kennedy v. Strong*, 14 Johns. 129; *Slee v. Bloom*, 10 Am. Dec. 273; *Briggs v. Perriman*, 18 Am. Dec. 454; *Brigham v. Nathan*, 62 Pac. Rep. 319; *Miners' Bank v. United States*, 1 Iowa 553; *Davis v. M. & C. R. R. Co.*, 87 Ala. 633.

DORTCH & MARTIN, *contra.*—It is an established principle that until the forfeiture of a charter is judicially decreed, neither the forfeiture nor the cause of it can be inquired into in another suit; nor can the existence of the corporation be questioned, incidentally or collaterally.—*Sprown v. Lawrence*, 33 Ala. 690; *Lehman v. Warner*, 61 Ala. 465; *Importing Co. v. Lock*, 50 Ala. 332.

HARALSON, J.—Statutory action in the nature of ejectment.

The plaintiff, a corporation, instituted this suit to recover lands described in the complaint.

Defendant pleaded (1) that plaintiff has not used its corporate franchise for a period of more than ten consecutive years; (2) that plaintiff has forfeited its franchise or charter by reason of non-user of the same for a period of more than five; and (3) for a period of more than ten consecutive years, before the commencement of this suit.

The plaintiff moved to strike the pleas on grounds, that they failed to show that there had been a judicial dissolution or decree of forfeiture of plaintiff's charter; that they showed there had been no judicial dissolution or decree of forfeiture of charter, and they failed to show that the State of Alabama had taken any action looking to forfeiture of plaintiff's franchises.

The court granted the motion to strike, and defendant excepted and appeals.

Section 1273 (1676) of the Code provides, that "The non-user of corporate franchises for a period of five consecutive years is a forfeiture of such franchise."

34

There can be no question that the facts set up in the pleas, if true, show a forfeiture of the plaintiff's charter, and make it liable to have such forfeiture adjudged in a proper proceeding for the purpose, but the section of the Code above referred to, can scarcely mean more than this.

Section 3417 of the Code makes provision for proceedings to vacate the charter and annulling the existence of any corporation, on specified grounds, one of which is, that the corporation "Has forfeited its privileges or franchises by failure to exercise its powers,"—the same act or omission that is set up as a forfeiture in said section 1273, except in the latter section, the time of non-user is fixed at five consecutive years. Both sections are to be considered *in pari materia*. When so construed they mean, that if a corporation shall fail for five consecutive years to use its corporate franchises, it is liable to proceedings to forfeit its charter under said section 3417.

That such is the correct interpretation of the statute is made the plainer by judicial decisions. In *Sprowl v. Lawrence,* 33 Ala.674, 690, it is said: "It is laid down as an established principle, that until a forfeiture of a charter is judicially decreed, neither the forfeiture nor the cause of it, can be inquired into in another suit, nor can the existence of the incorporation be questioned incidentally or collaterally."—2 Kent 312, and cases there cited.

In *Lehman v. Warren,* 61 Ala. 455, 465, and in *Importing, etc., Co. v. Locke,* 50 Ala. 332, with the citation of many authorities, the same doctrine is maintained. In the latter case it was said: "This doctrine seems to be indispensible to the protection of innocent persons, who have dealt with the corporation. It is necessary to the existence of a corporation, which otherwise, would be consumed in repeated contests about its right of existence."

In New York they have a statute providing that "Whenever incorporated company shall, for one year have suspended the ordinary business of such incorporation, such company shall thereby be deemed and ad-

judged to have surrendered the rights, privileges and franchises, granted by any act of incorporation, and shall be deemed to be dissolved;" and the Supreme Court of that State held, that the statute meant, that information might be filed, and pursued to judgment; and not that the corporation shall be deemed at an end without such proceeding.—*The People v. Hillsdale,* 23 Wend. 254.

The motion to strike which apprised the defendant of the defects of the plea, as fully as demurrer would have done, was properly granted

Affirmed.