## Cluthe et al. *v.* Evansville, Mt. Carmel and Northern Railway Company.

[No. 21,729.    Filed June 22, 1911.]

RAILROADS.—*Rights of Way.*—*Failure to Comply with Statutes.*—*Forfeitures.*—In an action by a steam railroad company to condemn a right of way, an answer that such company did not, within three years after its incorporation begin the construction of its road and expend five per cent of the amount of its capital, is bad, since §5318 Burns 1908, §3930 R. S. 1881, providing that "if any such [railway] corporation shall not, within three years after its incorporation, begin the construction of its road, and expend thereon five per cent of the amount of its capital, and finish the road and put it in full operation in ten years thereafter, its act of incorporation shall become void," does not render such act of incorporation void, but merely gives the State a right, in an appropriate action, to forfeit such charter.

From Superior Court of Vanderburgh County; *Alexander Gilchrist,* Judge.

Action by the Evansville, Mt. Carmel and Northern Railway Company against William B. Cluthe and others. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*William Reister* and *Harry C. Dodson,* for appellants.

*Frank L. Littleton, Walker & Walker* and *Duncan C. Givens,* for appellee.

MYERS, J.—Appellee, an alleged corporation of the State of Indiana, instituted an action to condemn certain described lands to be used by it as a steam railway, under the eminent domain statute (§§929-940 Burns 1908, Acts 1905 p. 59, §§1-9, 11, 12, Acts 1907 p. 306). Appellants filed five objections, but have presented here only the fifth, which is as follows: ''That plaintiff has no right to exercise the power of eminent domain for the use sought, for the reason that articles of incorporation, by and through which plaintiff incorporated under the laws of this State, were filed in the office of the Secretary of State, in the State of Indiana, on August 1, 1906, and that the plaintiff did not within three years after its incorporation begin the construction of its road, and expend thereon five per cent of the amount of its capital, and therefore its act of incorporation is void.'' A demurrer was sustained as to each ground of objection, and appellants appeal.

Their appeal is grounded on §5318 Burns 1908, §3930 R. S. 1881, of the general railroad act, that reads as follows: ''If any such corporation shall not, within three years after its incorporation, begin the construction of its road, and expend thereon five per cent of the amount of its capital, and finish the road and put it in full operation in ten years thereafter, its act of incorporation shall become void.'' Appellants' theory is that the act is self-executing, and that failure to comply with that section, *ipso facto,* operates to annul the incorporation, while appellee contends that the forfeiture can only arise from a judicial sentence, at the instance of the State, and that as the objection does not allege that judicial forfeiture had been declared, the objection was not well taken. It is true that it has been held that such statutes are self-executing. Two notable cases are *In re Brooklyn, etc., R. Co.* (1878), 72 N. Y. 245, and *Brooklyn*

*Steam Transit Co.* v. *City of Brooklyn* (1879), 78 N. Y. 524, but the later case of *New York, etc., Bridge Co.* v. *Smith* (1896), 148 N. Y. 540, 42 N. E. 1088, marks the distinction and the rule in that state—as does the case of *Day* v. *Ogdensburgh, etc., R. Co.* (1887), 107 N. Y. 129, 13 N. E. 765—that such clauses as are embodied in §5318, *supra,* render the charter voidable at the instance of the State. The distinction is not clearly drawn in the case of *New York, etc., Bridge Co.* v. *Smith, supra,* between conditions subsequent and limitations of the life of corporations, though the court refused to extend the doctrine set out in the cases of *In re Brooklyn, etc., R. Co., supra,* and *Brooklyn Steam Transit Co.* v. *City of Brooklyn, supra.* To the same effect is the case of *Oakland, etc., R. Co.* v. *Oakland, etc., R. Co.* (1873), 45 Cal. 365, 13 Am. Rep. 181, and also the case of *Briggs* v. *Cape Cod Ship Canal Co.* (1884), 137 Mass. 71, disapproving the case of *Crease* v. *Babcock* (1839), 23 Pick. 334, 34 Am. Dec. 61, the former opinion being approved in the case of *Bybee* v. *Oregon, etc., R. Co.* (1891), 139 U. S. 663, 11 Sup. Ct. 641, 35 L. Ed. 305, which also disapproves the cases of *In re Brooklyn, etc., R. Co., supra,* and *Brooklyn Steam Transit Co.* v. *City of Brooklyn, supra.* See, also, *Utah, etc., R. Co.* v. *Utah, etc., R. Co.* (1901), 110 Fed. 879 (where the language is very similar to that of the statute before us); *Frost's Lessee* v. *Frostburg Coal Co.* (1860), 24 How. 278, 16 L. Ed. 637; *Atchafalaya Bank* v. *Dawson* (1838), 13 La. *497; *LaGrange, etc., R. Co.* v. *Rainey* (1870), 7 Coldw. (Tenn.) 420; *Brown* v. *Wyandotte, etc., R. Co.* (1900), 68 Ark. 134, 56 S. W. 862; *Young* v. *Webster City, etc., R. Co.* (1888), 75 Iowa 140, 39 N. W. 234; *Attorney-General* v. *Superior, etc., R. Co.* (1896), 93 Wis. 604, 67 N. W. 1138; *New York, etc., R. Co.* v. *New York, etc., R. Co.* (1884), 52 Conn. 274; *Bloch* v. *O'Conner, etc., Mfg. Co.* (1900), 129 Ala. 528, 29 South. 925.

Cases such as *In re Brooklyn, etc., R. Co., supra, Brooklyn Steam Transit Co.* v. *City of Brooklyn, supra, Oakland,*

*etc., R. Co.* v. *Oakland, etc., R. Co., supra, Commonwealth, ex rel.,* v. *Lykens Water Co.* (1885), 110 Pa. St. 391, 2 Atl. 63, *Ford* v. *Kansas City, etc., R. Co.* (1893), 52 Mo. App. 439, and others, may be distinguished on the ground that there is a distinction between a condition subsequent, by reason of the failure of which dissolution may be forced at the instance of the State, and an express provision terminating the life and power of the corporation, and such distinction is drawn in the cases of *Bybee* v. *Oregon, etc., R. Co., supra,* and *Elizabethtown Gas Light Co.* v. *Green* (1889), 46 N. J. Eq. 118, 18 Atl. 844. Whatever may be the rule in other states, or the supposed basis upon which it rests, it is settled in this State that a cause of forfeiture of the charter of a corporation, not judicially declared in a direct proceeding at the instance of the State, cannot be taken advantage of or preferred in a collateral proceeding. *Smith* v. *Cleveland, etc., R. Co.* (1908), 170 Ind. 382; *Doty* v. *Patterson* (1900), 155 Ind. 60; *Williams* v. *Citizens R. Co.* (1891), 130 Ind. 71, 75, 15 L. R. A. 64, 30 Am. St. 201; *Cincinnati, etc., R. Co.* v. *Clifford* (1888), 113 Ind. 460; *Western Plank Road Co.* v. *Central Union Tel. Co.* (1888), 116 Ind. 229; *Logan* v. *Vernon, etc., R. Co.* (1883), 90 Ind. 552, and cases cited; *North* v. *State, ex rel.* (1886), 107 Ind. 356; *Barren Creek, etc., Co.* v. *Beck* (1884), 99 Ind. 247; *Jussen* v. *Board, etc.* (1884), 95 Ind. 567; *Baker* v. *Neff* (1880), 73 Ind. 68; *Danville, etc., Plank Road Co.* v. *State, ex rel.* (1861), 16 Ind. 456.

The court did not err in sustaining the demurrer to the answer, and the judgment is affirmed.